UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAERSK INC., | ) CIVIL NO. CV 04-00652 (HG/BMK) |
| | ) (In Admiralty) |
| Plaintiff, | ) |
| | ) **PLAINTIFF MAERSK INC.'S** |
| vs. | ) **MOTION FOR SUMMARY** |
| | ) **JUDGMENT** |
| HARTMANN METALS | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF MAERSK INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff MAERSK INC. ("Maersk"), through its attorneys Damon Key Leong Kupchak Hastert, moves this Honorable Court for the entry of summary judgment against Defendant HARTMANN METALS CORPORATION ("HMC") in the amount of $73,936.41 for unpaid ocean freight and charges, pre-judgment interest and an award of its attorneys' fees and costs.

There are no genuine issues of material fact, and Maersk is entitled to judgment as a matter of law for the unpaid ocean freight and charges on the following shipments provided by Maersk at HMC's request:

1.   HMC admits that it failed to pay Bill of Lading No. SJ1321026 and that it owed Maersk $10,310.36 in unpaid ocean freight. HMC further admits that if failed to pay an additional amount of $30,497.01 in destination and demurrage

charges for this shipment, despite repeated written assurances that it would pay these sums.

2. HMC admits that it short-paid Maersk for Bill of Lading No. SJ1D42109, failing to pay destination and demurrage in the amount of $23,814.09, despite repeated written assurances that it would pay these sums.

3. HMC admits that it failed to pay Bill of Lading No. SJ1D42009 in the amount of $8,565.00 and that this amount is due and owing to Maersk.

4. HMC admits that it short-paid Maersk for Bill of Lading No. SJ1D42109, failing to pay the full published tariff rate by $750.00.

5. For all of these sums, HMC as the shipper is liable as a matter of law, pursuant to well-settled Ninth Circuit law, and is also liable under the express terms of the Bills of Lading themselves.

6. HMC is also liable for prejudgment interest on all sums owed.

7. Finally, HMC is liable to Maersk for the attorneys' fees and costs incurred in collecting the unpaid ocean freight and charges, which sum should be taxed following submission of an affidavit of counsel after the hearing on this Motion.

In the alternative, if this Court determines there is any genuine issue of material fact, pursuant to Fed. R. Civ. P. 56(d), Maersk respectfully requests a

determination of the disputed and undisputed facts, so that the resources of the Court and the parties may be conserved and their future efforts properly focused.

This Motion is based upon Fed. R. Civ. P. 56 and 54(b) & (d), and L.R. 56.1, and is supported by the concurrently filed Memorandum in Support; Concise Statement of Material Facts and the exhibits and declarations attached thereto, and the record and files herein.

DATED: Honolulu, Hawaii, January 17, 2006.

> DAMON KEY LEONG KUPCHAK HASTERT
>
> _____
> GREGORY W. KUGLE
> JAMESNER A. DUMLAO
>
> Attorneys for Plaintiff
> MAERSK INC.