

ORIGINAL

CYNTHIA A. FARIAS #4108
Dillingham Transportation Building
701 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-8887
Facsimile: (808) 545-4015

Attorney for Defendant
HARTMANN METALS CORPORATION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 9 2006

at \_\_ o'clock and \_\_ min. \_\_ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MAERSK, INC. | ) Civil No. CV 04-00652(HG/BMK) |
|---|---|
| Plaintiff, | ) (In Admiralty) |
| vs. | ) DEFENDANT'S SEPARATE AND |
| | ) CONCISE STATEMENT OF FACTS IN |
| HARTMANN METALS | ) OPPOSITION TO PLAINTIFF'S |
| CORPORATION, | ) MOTION FOR SUMMARY |
| | ) JUDGMENT; CERTIFICATE OF |
| Defendant. | ) SERVICE |
| | ) Hrg. Date: February 21, 2006 |
| | ) Time: 9:45 a.m. |
| | ) Judge: Helen Gillmor |

**DEFENDANT'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant HARTMANN METALS CORPORATION hereby submits its separate and concise statement of material facts in opposition to Plaintiff MAERSK, INC.'s Motion for Summary Judgment filed January 17, 2006.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**

1. Undisputed

2. Partially disputed. HMC also purchased metal from Europe and the mainland.   Hartmann Dec. ¶ 2

| | | |
|---|---|---|
| 3. | Partially disputed. HMC does not owe $73,936.41, and disputes the bills of lading at issue. | Defendant's Memo in Opp. |
| 4. | Partially disputed. "Freight prepaid" meant HMC paid freight before or shortly after cargo was loaded on the vessels, such that the freight was always paid when cargo arrived. | Hartmann Depo. at 93:22-94:20 attached to Plaintiff's SCS as Exhibit 17 |
| 5. | Undisputed. | |
| 6. | Undisputed | |
| 7. | Undisputed | |
| 8. | Undisputed | |
| 9. | Partially disputed. Maersk's factual allegation No. 9 is not supported by the evidence attached. | |
| 10. | Undisputed. | |
| 11. | Partially disputed. HMC agreed to pay demurrage charges only because it was being forced by Maersk to agree or cargo would not be released and because HMC believed that Maersk would collect the charges from the consignee, as per its usual practice. | Hartmann Dec. ¶¶ 7,8,9.10,11 |
| 12. | Partially disputed. HMC understood that charges would be collected from consignee. Plaintiff's authority does not fully support factual allegation. | Hartmann depo. 206:1-207:20 attached to Plaintiffs SCS as Exhibit 17 |
| 13. | Disputed. | Memo. In Opp. |
| 14. | Partially disputed. Most of the payments sent by HMC were amounts specific to particular invoices. | Exhibit "F" to HMC's Memo in Opp. |
| 15. | Partially Disputed. Maersk did not notify HMC in early 2004 that HMC owed "$73,936.41". Ms. Matsumura did not know whether there were any transactions prior to October 2003 and did not say that she could "only" use HMC's accounting software to compare Maersk invoices with HMC's payments. | Depo of Dora Matsumura at 30:4-22 attached to Plaintiff's SCS as Exhibit 17 |

2

16. Partially disputed. There is no evidence that the payment was an "attempted compromise". The record cited does not support this characterization.

17. Undisputed.

18. Undisputed.

## PLAINTIFF'S STATEMENT OF FACTS IN OPPOSITION

| | | |
|---|---|---|
| 19. | Over the past 4 years, HMC hired Maersk and paid Maersk over $300,000 in freight and related charges. | Hartmann Dec. ¶ 4 attached to Memo in Opp. |
| 20. | Usually, HMC pays the freight charges either before the cargo is loaded, or while the cargo is in transit. When the cargo arrives at its destination, the consignee pays any additional charges. The cargo is not released to the consignee unless all charges are paid in full. | Hartmann Dec. ¶ 5 |
| 21. | Around time the cargo was discharged in Hong Kong on January 12, 2004, Maersk made it clear that any request for diversion of cargo had to come from HMC. | Hartmann Dec. ¶ 7 |
| 22. | In order for the consignee to claim the cargo, it needed Original Bills of Lading which are generated by Maersk. HMC was having difficulty obtaining the OBLs from Maersk. This caused delays which added to the demurrage and other charges. | Hartmann Dec. ¶ 8 |
| 23. | Hanni Hartmann had conversations with Maersk representatives, including Carlos Sullivan and Pam Lake. Ms. Lake relayed Maersk's position that all additional fees, including demurrage and diversion, would need to be accepted by HMC before the cargo could be processed for release to the consignee. | Hartmann Dec. ¶ 9 |
| 24. | HMC accepted the charges only because Maersk was requiring that HMC accept responsibility for the payments before if would process the diversions request and release of the cargo. | Hartmann Dec. ¶¶ 8,10 |

| | | |
|---|---|---|
| 25. | HMC believed it was understood that Maersk would advise the consignee of all additional charges and collect full payment from Jade Alliance before releasing the cargo. | Hartmann Dec. ¶10 |
| 26. | Maersk charged Jade Alliance only 3 days of demurrage charges. | Exhibit "G" |
| 27. | In May of 2004, HMC received for the first time correspondence from Maersk demanding payment in the amount of $74,852.41 which included additional charges beyond normal freight. | Hartmann Dec. ¶12 |
| 28. | Andrea Jinks of Maersk's finance department advised Mr. Matsumura that HMC was not responsible for the additional charges | Exhibit "F" |
| 29. | The Bills of Lading initially prepared by Maersk did not include the additional charges (diversion and demurrage) on 42009 and 321026. | Hartmann Dec. ¶15 |
| 30. | Maersk did not provide HMC with updated Bills of Lading until after August 1, 2004 | Hartmann Dec. ¶¶ 20,21, |
| 31. | Maersk decided which invoices to credit HMC's payment | Hartmann Dec. para. 17 |
| 32. | Maersk's list of outstanding invoices varied from time to time. | Hartmann Dec. ¶17; Exhibit "A"; |
| 33. | The July 26, 2004 statement of account from Maersk lists the following Bills of Lading (invoices): 42109, 321026, 51556, 51550, 52576, 426108, 435563. The parties do not dispute that 51556, 51550, 52576, 426108 and 435563 have been satisfied and are not at issue. | Memo in Opp. pp. 3-4; Exhibit "A" |
| 34. | Bills of Lading nos. 42009 and 45274 do not appear on the July 26, 2004 statement of account. | Memo. In Opp. pp 3-4 |

| | | |
|---|---|---|
| 35. | Maersk has produced no internal documentation that 42009 and 45275 remain outstanding. | Memo. in Opp. P. 4; Exhibit "A" |
| 36. | Maersk has produced no internal documentation concerning the difference of $10,230 between the unpaid invoices on the July 26, 2004 statement (42109 and 321026 totaling $63,706.41) and the amount claimed in Mearsk's motion for summary judgment ($73,936.41). | Memo. In Opp. P. 4-5; Exhibit "A" |
| 367. | $10,230 equals the total of invoices 51556, 51550 and 52576, which Maersk agrees is not at issue. | Exhibit "A"; Motion for SJ |
| 38. | Under 321026, the following are added charges: $400 change of destination fee, admin. fees of $1,295 (10,140HKD), demurrage $13,099.62 (102,570HKD) and document fee of $14.69 for a total of $14,809.31.[1] | Exhibit "C" page |
| 39. | Under 42109, the following are added charges: admin. fees of $700, change of destination fee of $400, demurrage of $24,951.47 (102,570HKD) for a total of $26,051.47 | |
| 40. | Maersk incorrectly claims the sum of $54,311.05 in demurrage charges for 42019 and 321026 are outstanding. The total demurrage and destination charges outstanding are approximately $40,860.78.[2] | Exhibit "C"; Exhibit "D" |

DATED:    Honolulu, Hawaii, February 9, 2006.

Cynthia A. Farias
Attorney for Defendant
HARTMANN METALS CORPORATION

---

[1] Please note that Defendant's Memorandum in Opposition, p. 6 erroneously lists the Hong Kong dollar amounts for Bill of Lading 42109 instead of 321026. However, the total in U. S. Dollars is correct.

[2] Please note that Defendant's Memorandum in Opposition p. 6 erroneously adds the total additional charges for 42109 and 321026 as $38,051.09. The actual total should be $40,860.78.

5

IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAERSK, INC. ) | CIVIL NO. CV04-00652(HG/BMK) |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CERTIFICATE OF SERVICE |
| ) | |
| HARTMANN METALS CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document(s) was duly served on the following party(ies) by ( ) United States mail, postage prepaid; (X) Hand Delivery:

GREGORY W. KUGLE, ESQ.
JAMESNER A. DUMLAO, ESQ.
Damon Key Leong Kupchak Hastert
1001 Bishop Street, Suite 1600
Honolulu, Hawaii
    Attorney for Plaintiff
    MAERSK INC.

DATED:    Honolulu, Hawaii, 2/9/06

_____
CYNTHIA A. FARIAS
Attorney for Defendant