# ORIGINAL

Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

GREGORY W. KUGLE        6502-0
gwk@hawaiilawyer.com
1600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
http://www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

Attorney for Plaintiff
  MAERSK  INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 11 2006

at 3 o'clock and 40 min P M
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAERSK INC., | ) CIVIL NO. CV 04-00652 (HG/BMK) |
| | ) (In Admiralty) |
| Plaintiff, | ) |
| | ) **PLAINTIFF MAERSK INC.'S** |
| vs. | ) **PRETRIAL STATEMENT;** exhibit Aj |
| | ) **CERTIFICATE OF SERVICE** |
| HARTMANN METALS | ) |
| CORPORATION, | ) |
| | ) **TRIAL DATE: August 29, 2006** |
| Defendant. | ) **JUDGE:    Hon. Helen Gillmor** |
| | ) |

## PLAINTIFF MAERSK INC.'S PRETRIAL STATEMENT

Plaintiff MAERSK INC. ("Maersk"), through its attorneys Damon Key

Leong Kupchak Hastert, files its Pretrial Statement, pursuant to Local Rule 16.6 and

this Court's Rule 16 Scheduling Order, as amended.

## I.    INTRODUCTION

This simple maritime collection case has become considerably more simple following the Court's Order Granting In Part and Denying In Part Plaintiff's Motion for Summary Judgment ("Summary Judgment Order"), filed March 13, 2006, attached hereto as Exhibit "A."  Maersk sued Defendant HARTMANN METALS CORPORATION ("HMC") to recover $73,936.41 in unpaid ocean freight and charges, pre-judgment interest and its attorneys' fees and costs.  The Court granted summary judgment on the issue of liability, but found there was a genuine issue of material fact concerning whether HMC had paid Maersk such sums.  Consequently, trial will be limited to whether HMC can sustain its burden to prove its affirmative defense of payment with respect to each of the Bills of Lading at issue.

## II.    PRETRIAL STATEMENT

### A.    Party.

This statement is filed on behalf of Plaintiff MAERSK INC.

### B.    Jurisdiction and Venue.

This is an admiralty action within the meaning of Fed. R. Civ. P. 9(h) and the Court has jurisdiction pursuant to 28 U.S.C. § 1333.  The Court also has federal question jurisdiction, 28 U.S.C. § 1331, and jurisdiction under the laws of the United States regulating commerce, 28 U.S.C. § 1337, 46 U.S.C. § 1701, and other

statutes. Venue is proper in this District because the Defendant is a Hawaii corporation, doing business in this District.

### C.  Substance of Action.

This is an ocean freight collection case, in which Maersk sued HMC to recover unpaid ocean freight and charges on four Bills of Lading ("BOL"), in the total amount of $73,936.41.

HMC asserted several affirmative defenses in its Answer, filed November 30, 2004.[1]  However, following the hearing on Maersk's summary judgment motion, the sole remaining defense is payment.

### D.  Undisputed Facts.

In the Summary Judgment Order, the Court has already made findings concerning the undisputed facts. *See* Exhibit "A," which is incorporated herein by reference.

### E.  Disputed Factual Issues.

In ruling on the summary judgment motion, the Court likewise determined the disputed factual issue that remains for trial:

---

[1]HMC's answer identified the following "affirmative defenses": (1) failure to state a claim; [2] unclean hands and bad faith; [3] waiver, laches and estoppel; [4] Plaintiffs' breach of contract or wrongful conduct; [5] accord and satisfaction; [6] breach of express or implied agreement; [7] set off; [8] breach of duty of good faith and fair dealing; [9] payment.

> Because HMC is liable to Maersk, as a matter of law, for the unpaid diversion and demurrage charges for the shipments documented by BOLs 2109 and 1026, the Court GRANTS Maersk's motion for summary judgment as to HMC's liability for these charges.
>
> The Court finds that the BOLs 2109, 2009, 5274, and 1026 are prima facie evidence of the services rendered by Maersk to HMC and of the amount owed for those services. Because there is a factual dispute as to the outstanding amount owed by HMC to Maersk, the Court DENIES Maersk's motion for summary judgment as to the amount owed.

Exhibit "A" at 18.

**F.    Relief Prayed.**

Maersk seeks a judgment in the amount of $73,936.41, plus pre-judgment interest at the Hawaii statutory rate of 10%, pursuant to Haw. Rev. Stat. § 478-2, in the per diem amount of $20.26[2] from February 1, 2004, until judgment is entered, plus an award of its attorneys' fees and costs incurred in obtaining said judgment, as well as such other and further relief as the Court may grant.

**G.    Points of Law.**

This Court's Order is the law of the case and establishes points of law that are no longer in dispute and will not be repeated here.

1.    "Payment is an affirmative defense...." Fed. R. Civ. P. 8(c);  *see also Kapela v. Gilliland*, 22 Haw. 655, 659 (1915). The defendant carries the burden

---

[2] $73,936.41 x 10% per year = $7,393.64 / 365 days  = $20.26 per diem.

of proof on its defense. *Yamashita-Shinnohon Kisen, K.K. Tokyo v. W.J. Jones & Son, Inc.*, 474 F.2d 847, 853 (9th Cir. 1973). HMC must prove its affirmative defense of payment.

2.    Maersk is entitled to an award of prejudgment interest on all unpaid ocean freight and charges.  "When a court is sitting in admiralty, the jurisprudential rule is that prejudgment interest should be awarded." *Sea-Land Service, Inc. v. Landis*, 1996 U.S. Dist. LEXIS 35, *7-8 (E.D. Penn. 1996). "In admiralty, prejudgment interest must be granted unless peculiar circumstances justify its denial." *Vance v. American Hawaii Cruises*, 789 F.2d 790, 795 (9th Cir. 1986). *See also Guangzhou Ocean Shipping Co. v. G.T. Int'l, Inc.*, 1997 AMC 241, 245 (C.D. Cal. 1996) (awarding ocean carrier prejudgment interest on unpaid ocean freight).  No particular circumstances warrant justify denial of interest in this case.

3.    When awarding prejudgment interest on unpaid ocean freight to an ocean carrier, the District Court may either use either the rate provided by the law of the state in which the Court sits or the rates prescribed in 28 U.S.C. § 1961. *H & A Trading Co., Inc. v. Margo Farms Del Caribe, Inc.*, 1992 AMC 2238 (D.P.R. 1991).  As a matter of convenience to the parties and the Court, Maersk seeks prejudgment interest at the statutory rate of 10%, pursuant Haw. Rev. Stat. § 478-2.

4.    In cases enforcing the language contained in Paragraph 14.4 of the BOLS (providing for recovery of attorneys fees and costs), Courts have repeatedly

awarded attorneys' fees and costs to the carrier. *See, e.g., Maersk, Inc. v. Alan Marketing, Inc.*, 1998 U.S. Dist. LEXIS 4816, *9 (S.D.N.Y. 1998); *Sea-Land Service, Inc. v. Landis*, 1996 U.S. Dist. LEXIS 35, *12 (E.D. Penn. 1996); *Sea-Land Services, Inc. v. Amstar Corporation*, 690 F. Supp. 246, 250 (S.D.N.Y. 1988); *Sea-Land Services, Inc. v. H. Brothers Corporation*, 1985 U.S. Dist. LEXIS 17813, *16 (S.D.N.Y. 1985). Therefore, Maersk is entitled to an award of its attorneys' fees and costs incurred in recovering the unpaid ocean freight and charges.

## H. <u>Previous Motions.</u>

As noted above, Maersk filed a motion for summary judgment on January 17, 2006. The motion was granted in part and denied in part on March 13, 2006. *See* Exhibit "A."

There have been no other motions filed.

## I. <u>Witnesses to be Called.</u>

Maersk reserves its right to call any and all witnesses, as it determines, including those identified in discovery, disclosure or other filings in this case. Presently, Maersk contemplates calling Pam Lake and/or Michael Atkins, and/or another Maersk employee or agent, who will testify concerning the amounts due under BOLs at issue in this case.

**J.    Exhibits, Schedules and Summaries.**

Maersk reserves its right to offer any and all exhibits, as it determines, including those identified in discovery, disclosure or other filings in this case. Presently, Maersk contemplates offering the four bills of lading at issue in this case, SJ1321026, SJ1D42109, SJ1D42009, and SJ1D45274, to identify the prima facie sums due for the services provided. Maersk further contemplates offering a series of e-mail communications between Maersk and HMC, establishing that HMC unequivocally and repeatedly agreed to pay the charges at issue in this case, and its subsequent refusal to do so forced Maersk to incur substantial legal fees and expenses to recover, warranting an award of attorneys' fees, costs and expenses. The exhibits will be sponsored by Pam Lake and/or Michael Atkins, or a suitable alternate.

**K.    Further Discovery or Motions.**

Maersk is unaware of further discovery or motions at this time.

**L.    Stipulations.**

Plaintiffs intend to propose stipulations as to the authenticity and admissibility of exhibits.

**M.    Amendments, Dismissals.**

Plaintiffs may seek to have the pleadings amended to correspond to the proof offered at trial.

**N.    Settlement Discussions.**

The parties conducted an unsuccessful mediation with Hon. Patrick Yim (Ret.) in November 2005, in which HMC rejected Maersk's offer to settle this matter for $25,000 down and the balance financed over time; HMC walked away without a counter-proposal. After Maersk began deposing HMC's employees following the failed mediation, HMC belatedly offered to pay $40,000 ($20,000 down and the balance financed by Maersk over two years). Maersk rejected this offer and demanded payment in full plus a portion of its attorneys' fees, for a total settlement of $121,936.41. In response, HMC increased its offer by $500, offering $20,000 down and $20,500 financed over time. Maersk rejected this offer.

Even after the Court's ruling on Maersk's summary judgment motion, HMC refused to make a reasonable settlement offer (or any offer at all - HMC demanded that Maersk make a new settlement offer). At the urging of the Court, in a continued settlement conference, Maersk made a final offer to resolve this case for $120,000.00. HMC rejected this offer and countered with $25,000 down and Maersk to finance $25,500 over two years. This is not acceptable.

**O.    Agreed Statement.**

The presentation of this matter, in whole or in part, through an agreed statement of facts, could be considered. Maersk would also consider other methods of reducing trial time and expense, and will discuss same with HMC.

**P.      Bifurcation.**

Bifurcation is neither feasible nor desired.

**Q.      Master or Magistrate.**

Reference to a master or magistrate judge is neither feasible nor desired, as this Court already has familiarity with the limited issues still pending.

**R.      Experts.**

As the parties have not identified any experts, neither a court-appointed expert nor a limitation on experts, is feasible or desired.

**S.      Trial.**

A non-jury trial is scheduled to commence on August 29, 2006, at 9:00 a.m., before the Honorable Helen Gillmor.

**T.      Estimate of Trial Time.**

Maersk anticipates that the presentation of its case will require no more than one trial day.  Maersk estimates that HMC's case could be presented in no more than one trial day.  In all likelihood, the entire case can be presented in one trial day.

**U.      Claims of Privilege Or Work Product.**

Not applicable.

## V.    <u>Miscellaneous.</u>

None at this time.  The parties may consider means to make trial efficient and economical, such as the presentation of written direct testimony, or stipulations as to facts or exhibits.

DATED:  Honolulu, Hawaii, July 11, 2006.

DAMON KEY LEONG KUPCHAK HASTERT

GREGORY W. KUGLE

Attorney for Plaintiff
MAERSK INC.