**ORIGINAL**

CYNTHIA A. FARIAS #4108
Dillingham Transportation Building
701 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-8887
Facsimile: (808) 545-4015

Attorney for Defendant
HARTMANN METALS CORPORATION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 17 2006

at 2 o'clock and 33 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAERSK, INC. | CIVIL NO.: CV04-00652 (HG/BMK) |
| Plaintiff, | DEFENDANT HARTMANN METALS CORPORATION'S PRETRIAL STATEMENT; CERTIFICATE OF SERVICE |
| vs. | |
| HARTMANN METALS CORPORATION, | |
| Defendant. | Pretrial Conf.: July 17, 2006<br>Time: 9:00 a.m.<br>Judge: Barry Kurren |

DEFENDANT HARTMANN METALS CORPORATION'S
PRETRIAL STATEMENT

Defendant HARTMANN METALS CORPORATION, by and through its undersigned counsel, hereby submits is Pretrial Statement pursuant to Local Rule 16.6 and this Court's Rule 16 Scheduling Order.

A. Party

This statement is filed on behalf of Defendant HARTMANN METALS CORPORATION, a Hawaii Corporation ("HMC").

B. Jurisdiction and Venue

Jurisdiction and venue are as set forth in Plaintiff's Pretrial Statement.

C. <u>Substance of Action</u>

HMC is a scrap metal dealer which sells its merchandise overseas. This is an action by MAERSK to collect unpaid freight, demurrage and related charges from several shipments made by HMC during 2003 and 2004.

D. <u>Undisputed Facts</u>

HMC does not contest that the amounts reflected in the Bills of Lading at issue accurately reflect the charges incurred for those particular Bills of Lading.

E. <u>Disputed Facts</u>

HMC disputes the amounts it owes to MAERSK.

F. <u>Relief Prayed</u>

HMC prays that the Court require MAERSK to prove the amounts owed by HMC.

G. <u>Points of Law</u>

There are currently no disputed points of law. However, HMC will contest the automatic application of the Haw. Rev. Stat. Section 478-2 prejudgment interest rate, and request that if prejudgment interest is awarded, the Court award the lesser of the two rates.

H. <u>Previous Motions</u>

MAERSK filed a motion for summary judgment on January 17, 2006. The motion was granted in part and denied in part on March 13, 2006.

I. <u>Witnesses to be called</u>

HMC intends to call the following witnesses at trial in this action.

2

Hanni Hartmann

Dora Matsumura

Jeff Forrest

HMC reserves the right to call any witness listed on any witnesses designation of Plaintiff. HMC further reserves the right to call rebuttal witnesses and custodians of record to authenticate documents used herein.

J.   Exhibits, Schedules and Summaries

HMC intends to offer into evidence the Bills of Lading at issue, as well as statements and correspondence received from MAERSK reflecting alleged amounts owed. HMC also intends to offer email correspondence and other documents concerning the charges allegedly owed.

HMC reserves the right to offer any exhibit listed on Plaintiff's exhibit list.

K.   Further Discovery or Motions

None anticipated.

L.   Stipulations

Stipulations concerning a partial statement of facts and admissibility of exhibits will be appropriate.

M.   Amendments, Dismissals

None anticipated at this time.

N.   Settlement Discussions

Settlement discussions have not been fruitful. HMC is a small

company with limited resources.  Approximately $40,000 of the debt sought by MAERSK relates to diversion and demurrage charges which arose through no fault of HMC and for which the consignee of cargo normally pays.

After the parties' last settlement conference, MAERSK reduced its settlement demand to $120,000, close to $50,000 over the principal MAERSK claims it is owed.

HMC simply cannot afford to pay these monies.  HMC offered to pay $50,500, to be paid over a two year period.

O.  Agreed Statement

The presentation of an agreed statement of facts may be appropriate in this case.

P.  Bifurcation

Bifurcation is not appropriate in this matter.

Q.  Master or magistrate

Reference to a master or magistrate may save time and costs.

R.  Experts

HMC does not anticipate calling any expert at this time.

S.  Trial

Non-jury trial is scheduled to commence on August 29, 2006 at 9:00 before the Honorable Helen Gillmor.

T.  Estimate of Trial Time

It is anticipated that trial will take 1 day.

U.  <u>Claim of Privilege or Work Product</u>

None.

DATED:   Honolulu, Hawaii, July 17, 2006.

*[signature]*
CYNTHIA A. FARIAS
Attorney for Defendant
HARTMANN METALS CORPORATION

IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAERSK, INC. | ) | CIVIL NO. CV04-00652(HG/BMK) |
| Plaintiff, | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| HARTMANN METALS CORPORATION, | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document(s) was duly served on the following party(ies) by ( ) United States mail, postage prepaid; ( X ) Hand Delivery:

GREGORY W. KUGLE, ESQ.
JAMESNER A. DUMLAO, ESQ.
Damon Key Leong Kupchak Hastert
1001 Bishop Street, Suite 1600
Honolulu, Hawaii
   Attorney for Plaintiff
   MAERSK INC.

DATED:   Honolulu, Hawaii,  July 16, 2006

CYNTHIA A. FARIAS
Attorney for Defendant