UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MAERSK INC.,<br><br>            Plaintiff,<br><br>   vs.<br><br>HARTMANN METALS<br>CORPORATION,<br><br>            Defendant. | CIVIL NO. CV 04-00652 (HG/BMK)<br>(In Admiralty)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiff MAERSK INC. ("Maersk"), by and through its attorneys Damon Key Leong Kupchak Hastert, files its Memorandum in Support of its Motion for Attorneys' Fees, Costs and Prejudgment Interest.

## I.    INTRODUCTION

This is an ocean freight collection case in which Defendant HARTMAN METALS CORPORATION ("HMC") owed Maersk unpaid ocean freight and charges in the amount of $73,936.41, for four (4) shipments of scrap metal transported by Maersk from Hawai`i to HMC's customers in China. Before suit was filed, HMC expressly and repeatedly agreed to pay the freight and charges. Maersk has repeatedly sought payment for the services it rendered to HMC well over two years ago. HMC, however, continually refused to and caused Maersk to incur substantial legal fees and expenses in its collection efforts, including taking written discovery,

three depositions, and the filing of a summary judgment motion. Maersk is entitled

to an award for attorneys' fees, costs and prejudgment interest.

## II.    STATEMENT OF FACTS

Stemming from shipment services Maersk provided to HMC, HMC

**repeatedly** failed to pay its freight and charges on four (4) bills of lading ("BOL"),

in the amount of $73,936.41. Each BOL, is a contractual agreement between HMC

and Maersk, which provides that:

> The ***shipper***, consignee, holder hereof, and owner of the
> goods, and their principals, shall be jointly and severally
> liable to the Carrier for the payment of all freight,
> demurrage, General Average and other charges due
> hereunder, ***without discount, together with any Court
> costs, expenses and reasonable attorney fees incurred in
> collecting any sums due Carrier***.[1]

*See* Exhibit "1" attached hereto (emphasis added).[2]

---

[1]Courts have repeatedly held that this provision is valid and enforceable. *See,
e.g., Maersk, Inc. v. Royal Brands International*, 2001 U.S. Dist. LEXIS 5308, *6
(S.D.N.Y. 2001); *Maersk, Inc. v. Atcom Industries*, 73 F. Supp.2d 387, 390 (S.D.N.Y.
1999); *Maersk, Inc. v. American Midwest Commodities Export Companies, Inc.*, 1998
U.S. Dist. LEXIS 12219, *10 (S.D.N.Y. 1998); *Maersk, Inc. v. Alan Marketing, Inc.*,
1998 U.S. Dist. LEXIS 4816 at *3-4 (S.D.N.Y. 1998); *Sea-Land Service, Inc. v.
Landis*, 1996 U.S. Dist. LEXIS 35, *9 (E.D. Penn. 1996); *Sea-Land Services, Inc. v.
Amstar Corporation*, 690 F. Supp. 246, 257-48 (S.D.N.Y. 1988); *Sea-Land Services,
Inc. v. H. Brothers Corporation*, 1985 U.S. Dist. LEXIS 17813, *9-10 (S.D.N.Y.
1985).

[2] Attached as Exhibit "1" is the backside of one of the four Bills of Lading
containing the identical language as quoted above.

However, HMC did not pay the freight and charges.  Adding insult to injury, HMC expressly assured Maersk that it would pay the outstanding charges so that Maersk would release the cargo and HMC would be paid by its customers.  *See* Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment ("Summary Judgment Order"), at 9-10, attached hereto as Exhibit "2."[3]  Despite the many assurances to pay, HMC never paid Maersk and Maersk was forced to take legal action, incurring substantial legal fees and costs.

Maersk filed a Motion for Summary Judgment ("Motion") seeking recovery of its unpaid freight and charges, attorneys' fees and prejudgment interest on January 17, 2006.  On February 21, 2006, the Court granted Maersk's Motion in part, ruling that HMC is liable for the unpaid freight charges, "in light of the clear and unambiguous language of the bills of lading and HMC's express promises to Maersk that it would pay these additional charges."   Exhibit "2" at 1, 18.  The Court,

---

[3]Specifically, Judge Gillmor's opinion laid out the relevant assurances. *See* Exhibit "2", at 9-11 (quoting Plaintiff's SCSF at ¶ 11 and Exhibit 13 to the SCSF (Email from HMC) ("We have already agreed previously in writing to accept any additional charges; . . We herewith confirm again that ***any diversion charges and possible demurrage will be accepted by us being your <u>contractual</u> partner***.")); *Id.* (quoting Plaintiff's SCSF at ¶ 11 and Exhibit 14 to the SCSF (Email from HMC) ("***HMC will accept the charges*** for the covered shipments . . .")); *Id.* (quoting Plaintiff's SCSF at ¶ 11 (Deposition of Hanni Hartmann) ("Yeah, that ***I agreed that these charges*** are to be paid by us.")).  These assurances were made with the ultimate goal that the cargo be "released, expedited, and out of the circle of sitting in port and not getting moved." *Id.* (quoting Plaintiff's SCSF and Exhibit 14 to the SCSF (Deposition of Hanni Hartman)).

however, denied Maersk's Motion as to the actual amount owed because of a factual dispute. *Id.*

After years of refusing to pay Maersk and on the eve of trial, a stipulation to enter judgment in the amount of $65,000 was entered on September 12, 2006, in favor of Maersk and against HMC. *See* Stipulation for Judgment and Order, filed on September 12, 2006 ("Stipulation") ¶ 1, at 2 attached hereto as Exhibit "3." Maersk has attempted to confer in good faith with HMC to settle the determination of attorneys' fees and costs, however HMC has refused to comply with its **contractual duty** to reimburse Maersk for any of its attorneys' fees and costs. Therefore the issue of attorneys' fees and prejudgment interest was reserved for the Court's determination. *Id.* ¶2, at 2.

## III.  ARGUMENT

### A.  Maersk Is Entitled To Prejudgment Interest.

Maersk is entitled to an award of prejudgment interest on all unpaid ocean freight and charges, in the amount of $20,948.62. "When a court is sitting in admiralty, the jurisprudential rule is that prejudgment interest should be awarded." *Sea-Land Service, Inc. v. Landis*, 1996 U.S. Dist. LEXIS 35, *7-8 (E.D. Penn. 1996). "In admiralty, prejudgment interest must be granted unless peculiar circumstances justify its denial." *Vance v. American Hawaii Cruises*, 789 F.2d 790, 795 (9th Cir. 1986). *See also Guangzhou Ocean Shipping Co. v. G.T. Int'l, Inc.*, 1997 AMC 241,

245 (C.D. Cal. 1996) (awarding ocean carrier prejudgment interest on unpaid ocean freight).

HMC refused to pay Maersk any of its unpaid freight and charges owed, since February 14, 2004, nearly three (3) years ago. Maersk was deprived of this substantial income for services it completely performed well over two years ago. Maersk repeatedly sought payment, but HMC has consistently refused to remit any. *See* Exhibit "2" at 9-11. For nearly three years, Maersk has been denied the use of its money, and has been forced to serve as HMC's bankers. Maersk deserves compensation. Maersk is entitled to prejudgment interest on the full amount owed, $73,936.41, from February 14, 2004, until judgment is entered.[4] "Pre-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his." *Birdsall, Inc. v. Tramore Trading Co., Inc.*, 771 F. Supp. 1193, 1196 (S.D. Fla. 1991) (citing *Ins. Co. of North Amer. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir. 1990)).

When awarding prejudgment interest on unpaid ocean freight to an ocean carrier, the District Court may use either the rate provided by the law of the state in which the Court sits or the rates prescribed in 28 U.S.C. § 1961. *H & A Trading Co., Inc. v. Margo Farms Del Caribe, Inc.*, 1992 AMC 2238 (D.P.R. 1991). As a matter

---

[4]Maersk seeks prejudgment interest on the entire amount of unpaid freight and charges, because the Stipulated Judgment amount of $65,000 was only a concession to avoid the future expense of trial.

of convenience to the parties and the Court, Maersk seeks prejudgment interest at the statutory rate of 10%, pursuant Haw. Rev. Stat. § 478-2. Maersk should be awarded prejudgment interest in the amount of $20,948.62.[5]

### B. Maersk Is Entitled To Recover Attorneys' Fees.

Maersk is entitled to its reasonable attorneys' fees incurred in collecting the unpaid freight charges. Attorneys' fees are recoverable if a contract provides for indemnification of attorneys' fees.[6] *Sea-Land Services, Inc. v. Murrey & Son's, Co.*, 824 F.2d 740, 744 (9th Cir. 1988).

Here, a contractual obligation exists, and HMC is required to indemnify Maersk for its attorneys' fees. *See* Exhibit "2" at 12 (emphasis added) (noting that HMC is **not relieved** of its **contractual liability**).[7] According to each unpaid BOL,[8]

---

[5]$73,936.41 x 10%/year = $7,393.64 x 2.83333/years = $20,948.62.

[6]"The district court has wide discretion in deciding motions for attorneys fees in admiralty cases . . . ." *National Shipping Co. of Saudi Arabia v. U.S.*, 95 F.Supp.2d 482, 497 (E.D.Va. 2000) (quoting *Ost-West Handel Bruno Bischoff GmbH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1988)).

[7]HMC also admitted to its contractual obligation to Maersk. "***We have already agreed*** previously ***in writing*** to accept any additional charges; . . ***We herewith confirm*** again that any diversion charges and possible demurrage ***will be accepted*** by us ***being your contractual partner***." *See* Exhibit "2" at 9, 11 (quoting Plaintiff's SCSF at 11 and Exhibit 13 to SCSF (February 4, 2004 email from HMC to Maersk) (emphasis added)).

[8]"A ***bill of lading is a contract*** of carriage between the shipper and the carrier." *Sea-Land Services, Inc. v. H. Brothers Corporation*, 1985 U.S. Dist. LEXIS 17813, at *6 (S.D.N.Y. 1985) (emphasis added). Copies of the four BOLs, BOL Nos.

"[t]he **shipper** . . . shall be . . . liable to the Carrier for the payment of . . . **Court costs,**

**expenses** and **_reasonable attorney fees_** incurred in **collecting any sums due** Carrier."

*See* Exhibit "1."

Courts have repeatedly awarded attorneys' fees and costs to the carrier

under provisions such as the one in each of the BOLs. For example, *Birdsall, Inc.,*

also involved the collection of unpaid freight charges. In *Birdsall, Inc.*, each bill of

lading provided that "Shipper . . . *agrees to pay all cost of collection including*

*reasonable Attorneys' fees in the event freight*, duties, taxes and charges or other

expenses in connection with the shipment are *not paid when due* whether suit be

brought or not." *Id.*, 771 F.Supp. at 1196-97 (emphasis in original). The court

awarded Plaintiff its attorneys' fees and held that there was a "***clear contractual***

***authority*** for such award." *Id* (emphasis added). *See also Maersk, Inc. v. Alan*

*Marketing, Inc.*, 1998 U.S. Dist. LEXIS 4816, \*9 (S.D.N.Y. 1998); *Sea-Land Service,*

*Inc. v. Landis*, 1996 U.S. Dist. LEXIS 35, \*12 (E.D. Penn. 1996); *Sea-Land Services,*

*Inc. v. Amstar Corporation*, 690 F. Supp. 246, 250 (S.D.N.Y. 1988); *Sea-Land*

*Services, Inc. v. H. Brothers Corporation*, 1985 U.S. Dist. LEXIS 17813, \*16

(S.D.N.Y. 1985). Here, as in *Birdsall, Inc.*, a clear contractual authority exists and

_____

SJ1D42109 ("2109"), SJ1321026 ("1026"), SJ1D42009 ("2009"), and SJ1D45274
("5274"), are attached as Exhibits "1"-"4" to the SCSF.

Maersk is entitled to its attorneys' fees incurred in collecting HMC's unpaid freight charges.

By HMC's repeated refusals to pay for its freight charges, HMC has caused Maersk to incur substantial attorneys' fees in this case, forcing Maersk to: (1) file suit after expressly promising to pay the sums at issue; (2) conduct discovery and multiple depositions; and (3) file a motion for summary judgment.

Attached as Exhibit "4" is a detailed list of time entries and fees charged by each attorney who performed work in this matter. *See* Exhibit "4" attached hereto. Reasonable fees for the minimal time devoted to this case by one paralegal is also requested. *See* Exhibit "4." Finally, fees of $ 2,000.00 are requested for the amount of time Maersk's attorney is likely to spend in obtaining a final written judgment.

Pursuant to L.R. 54.3, the following is a summary of attorneys' fees requested.[9]

| Description | Amount |
|---|---|
| Case development, background investigation and case administration | $ 25,693.00 |
| Pleadings | $ 1,996.00 |
| Interrogatories, document production, and other written discovery | $ 17,629.50 |
| Depositions | $ 8,933.00 |

---

[9]Numerous time entries in Exhibit "4" combine one or more tasks. Therefore, this summary is an approximation of amounts allocated for each legal service.

| Motions practice | $ 30,833.50 |
|---|---|
| Attending court hearings | $ 5,597.00 |
| Estimated attorneys' fees to obtain final written judgment | $ 2,000.00 |
| Courtesy discount | - $ 3,688.30 |
| **TOTAL** | **$ 88,993.70** |

Maersk is entitled to an award of its attorneys' fees incurred in recovering HMC's unpaid ocean freight and charges, in the amount of $88,993.70.

### C.     Maersk Is Entitled To Costs And Expenses.

Maersk is entitled to an award of all court costs and expenses incurred in litigating this suit, in the amount of $7,160.08. As discussed above, HMC has a contractual duty to pay court costs and expenses incurred in Maersk's efforts to collect its unpaid freight charges. "The *shipper* . . . *shall be* . . . *liable* to the Carrier for the payment of . . . *Court costs, expenses* and *reasonable attorney fees* incurred in *collecting any sums due* Carrier." *See* Exhibit "1."

Furthermore, Fed. R. Civ. P. 54(d)(1) specifically allows an award of costs to the prevailing party: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, *costs* other than attorneys' fees *shall be allowed as of course to the prevailing party* unless the court otherwise directs . . . ." *Id.* (emphasis added). "Rule 54(d) creates 'a presumption in favor of awarding costs . . . .'" *Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1357-58 (Fed. Cir. 2002) (quoting

*White & White v. Am. Hosp. Supply, Corp.*, 786 F.2d 728, 729 (6th Cir. 1985)). "[T]he prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case." *Kissinger, Inc. v. Singh*, 304 F.Supp.2d 944, 953-54 (W.D. Mich. 2003) (citation omitted). A party who succeeds a claim through a stipulated judgment, is a "prevailing party." *Id; see also Liedberg v. Goodyear Tire and Rubber Co.*, 102 F.R.D. 249, 250 (D.C. Ga. 1984) ("When a defendant, after suit begun, acknowledges his liability by the payment of the claim upon which he is sued, and makes no agreement about the costs accrued, the plaintiff is the 'successful party' . . . .").

Maersk submits that the following constitutes actual court costs and expenses warranted under the circumstances:[10]

| Description | Amount |
|---|---|
| Photocopying Costs | $ 1,027.54 |
| Depo Transcript Cost | $ 2,622.79 |
| Fax charges | $ 230.50 |
| Long Distance Charges | $ 418.57 |

---

[10]The court costs and expenses listed include both taxable and nontaxable costs. Pursuant to 28 U.S.C. § 1920, the following costs may be taxed: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; and (5) Docket fees . . ." *Id.*

| Extra Postage | $ 23.71 |
|---|---|
| Parking charges | $ 29.12 |
| Messenger Fees | $ 118.98 |
| Lexis/Research | $ 1,718.87 |
| Sheriff Fees | $ 89.00 |
| Witness Fees | $ 88.00 |
| Filing Fees | $ 168.00 |
| Mediation Fees[11] | $ 625.00 |
| **Total Costs and Expenses:** | **$ 7,160.08** |

Maersk therefore requests an award of costs in the amount of $7,160.08.

See Exhibit "4" & "5" for a detailed list of costs incurred in this matter.

## IV.    CONCLUSION

Based on the foregoing reasons and authority, Maersk respectfully requests this Honorable Court to award Maersk $20,948.62 in prejudgment interest, $88,993.70 in attorneys' fees, and $7,160.08 in costs.

DATED:  Honolulu, Hawai`i, September 29, 2006.

DAMON KEY LEONG KUPCHAK HASTERT

GREGORY W. KUGLE

Attorneys for Plaintiff
MAERSK INC.

---

[11] Mediation Fees were paid by Maersk directly.  See Dispute Prevention Resolution Final Invoice attached hereto as Exhibit "5."