IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAERSK, INC. ) | CIVIL NO. 04-00652 HG-BMK |
| ) | |
| Plaintiff, ) | DECLARATION OF CYNTHIA A. |
| ) | FARIAS |
| vs. ) | |
| ) | |
| HARTMANN METALS ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## DECLARATION OF CYNTHIA A. FARIAS

I, Cynthia A. Farias, hereby declare on information and belief as follows:

1.  I am an attorney licensed to practice law in the State of Hawaii and am one of the attorneys representing Defendant Hartmann Metal Corporation.

2.  I have been involved in this litigation from the outset and am familiar with all proceedings in this case.

3.  Discovery in this matter has not been extensive. The parties exchanged one set of interrogatories and requests for production of documents. Documents produced have not been voluminous. In my estimation, these documents fill less than one-half of a standard bankers box.

4.  The parties conducted three (3) depositions over a span of three (3) days. I estimate there were no more than sixteen (16) hours spent in depositions.

5.  Prior to trial but after the court-ordered deadline for dispositive

1

motions, Maersk requested that Hartmann Metals Corporation stipulate to continue the trial to allow Maersk to file a Motion for Summary Judgment. Hartmann Metals Corporation agreed.

6. Summary Judgment was granted in part and denied in part. The issue of Hartmann Metals Corporation's liability for demurrage and diversion fees was decided in Maersk's favor. The issue of damages was left for the trier of fact.

7. Prior to the hearing on the motion, I had advised Hartmann Metals Corporation that there was a strong likelihood Maersk would prevail on the demurrage issue.

8. If Maersk had not filed its Motion for Summary Judgment, and the trial date had remained as originally set, it is very likely I would have recommended Hartmann Metals Corporation attempt to negotiate a stipulated judgment with Maersk.

9. Hartmann Metals Corporation's eventual agreement to enter into a stipulated judgment was more a factor of Hartmann Metals Corporation's limited resources to pay trial costs and fees, and probable liability at trial, and less a factor of the Court's Summary Judgment ruling.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

DATED: Honolulu, Hawaii, February 20, 2007.

CYNTHIA A. FARIAS

2

28430/1/653855.1