IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAERSK, INC. | ) | CIVIL NO. 04-00652 HG-BMK |
| | ) | |
| Plaintiff, | ) | DECLARATION OF HANNI |
| | ) | HARTMANN |
| vs. | ) | |
| | ) | |
| HARTMANN METALS | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>DECLARATION OF HANNI HARTMANN</u>

I, HANNI HARTMANN, hereby declare upon information and belief as follows:

1. I am the president of Hartmann Metals Corporation ("HMC") and I make this declaration based upon my personal knowledge of the facts presented herein.

2. HMC is a local scrap metal dealer which provided steady and reliable business to Maersk for several years. HMC shipped many containers of metal and paid Maersk over $300,000 in freight and related charges and continues to do business with Maersk.

3. In early 2004, Maersk forwarded a billing statement to HMC that reflected additional costs and fees in excess of the balance shown in our records. The billing statement listed Bills of Lading ("BOL") numbers and the additional amount owed

on each, but did not contain additional information about the specific nature of the charges.

4.  I instructed HMC's independent bookkeeping service, Dora Matsumura, to review our records and work with Maersk's bookkeeping department to clarify the billing. Unfortunately, Ms. Matsumura had difficulty obtaining from Maersk a clear accounting of what additional monies were allegedly owed, for what services and under which BOLs.

5.  Ms. Matsumura in coordination and cooperation with Maersk, calculated that HMC owed Maersk $18,875.36. An employee of Maersk's accounting office agreed that this was the sum owed to Maersk. HMC tendered payment in a timely fashion in April 2004; however, Maersk returned the funds. The payment did not indicate that it was an offer of compromise or tendered subject to the condition that it be in full satisfaction of any disputed amount.

6.  During the time period from spring to summer 2004, Maersk failed to show HMC documentation supporting its allegation that HMC owed a balance which far exceeded the balance shown in HMC's records.

7.  HMC was also confused because the billing statements sent by Maersk were inconsistent. The lists of outstanding BOLs presented in Maersk's demand letters, billing statements, mediation statements and the motion for summary judgment varied from document to document. The only BOLs which consistently appeared on all billing statements were BOL42109 and BOL321026, which included diversion and demurrage fees. Otherwise, BOLs which appeared on some statements were not on others, and new BOLs were listed instead. In additional, line items, e.g.

freight base rates, and costs were changed from original agreed upon prices.

8. HMC is a small company with limited resources, and could not pay a bill which it did not understand and was inconsistent with HMC's records. However, despite repeated requests to Maersk for an explanation of its charges, to this day HMC does not know exactly what charges comprise the $73,936.41 Maersk alleged was owed by HMC, and how payments made by HMC to Maersk were credited. This lack of information and cooperation certainly contributed to the litigation.

9. Another factor in prolonging this lawsuit was Maersk's complete inflexibility about settlement. Throughout this case, Maersk has refused to compromise on the principal it said was owed, even though that amount was not proved by Maersk and was dispute by HMC. This made it impossible for HMC to settle the claim within a range which HMC could realistically pay.

11. I understand that even though Maersk is a huge multinational company with billions of dollars in assets, it is entitled to collect monies it believes is owed. However, I believe it is unfair for Maersk to use its unlimited resources to relentlessly pursue HMC without compromise, especially when Maersk has never provided a clear and complete statement of account so that HMC can understand where and how its payments were credited, and how Maersk arrived at the claim of $73,936.41.

//


//

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION AND BELIEF.

DATED:   Honolulu, Hawaii, February 20, 2007.

_____
HANNI HARTMANN