Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

GREGORY W. KUGLE          6502-0
gwk@hawaiilawyer.com
TRICIA K. FUJIKAWA LEE    8484-0
tkfl@hawaiilawyer.com
1600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
http://www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242
Attorneys for Plaintiff
    MAERSK INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 7 2007

at __1__O'clock and _52_min __A__M)
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MAERSK INC., | ) | CIVIL NO. CV 04-00652 (HG/BMK) |
| | ) | (In Admiralty) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF MAERSK INC.'S** |
| vs. | ) | **MEMORANDUM IN** |
| | ) | **OPPOSITION TO DEFENDANT** |
| HARTMANN METALS | ) | **HARTMANN METALS** |
| CORPORATION, | ) | **CORPORATION'S OBJECTIONS** |
| | ) | **TO SPECIAL MASTER'S** |
| Defendant. | ) | **REPORT RECOMMENDING** |
| | ) | **THAT PLAINTIFF'S MOTION** |
| | ) | **FOR ATTORNEYS' FEES,** |
| | ) | **COSTS AND PREJUDGMENT** |
| | ) | **INTEREST BE GRANTED IN** |
| | ) | **PART AND DENIED IN PART;** |
| | ) | **EXHIBITS "A" & "B";** |
| | ) | **DECLARATION OF GREGORY** |
| | ) | **W. KUGLE; EXHIBITS "A" &** |
| | ) | **"B"; CERTIFICATE OF** |
| _____ | ) | **SERVICE** |

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   Special Master Report Should Be Adopted . . . . . . . . . . . . . . . . . . . . 3

    B.   HMC Agreed To Indemnify Maersk For Its Attorneys' Fees . . . . . . 4

    C.   Attorneys' Fees Incurred Were Reasonable
       And Necessary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1.   Maersk's Billing Entries Are Sufficient To Determine The
           Reasonableness Of The Tasks Performed     6

        2.   Reduction Of Block Billing Amounts Should Be Minimal . . 10

           a.   Percentage Reduction Of Block Billing Is Acceptable  10

           b.   Block Billed Time Entries Relate To One Task . . . . . 11

           c.   Reduction On Block Billed Time Should Be
              Limited To Entries Over 3 Hours . . . . . . . . . . . . . . . 12

           d.   All Time Entries Are Compensable And Need Not Be
              Distinguished From Non-Compensable Time    12

        3.   Fees Recommended By Special Master Is Not Disproportionate
           To Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        4.   Special Master Did Not Employ An Arbitrary Standard When
           Reducing Maersk's Fee By 20%
           . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

5.     All Fees Incurred In Mediation and Filing The Motion For Summary Judgment Should Be Awarded . . . . . . . . . . . . . . . 17

     a.     Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

     b.     Motion For Summary Judgment . . . . . . . . . . . . . . . . 18

6.     Fees Incurred On Requesting Fees Should Be Awarded . . . . 19

D.     HMC Has Contractual Obligation To Compensate Maersk For All Costs And Expenses Incurred . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

E.     Maersk Is Entitled To Prejudgment Interest . . . . . . . . . . . . . . . . . . . 20

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

FEDERAL CASES

*Cunningham v. County of Los Angeles*, 879 F.2d 481, 486 (9th Cir. 1998) . . . . . 13

*Cantanzano v. Doar*, 378 F. Supp. 2d 309 (W.D.N.Y. 2005) . . . . . . . . . . . . . . 10

*Citibank, N.A. v. Hicks*, 2004 WL 1895189, \*7 (E.D. Pa. Aug. 24, 2004) . . . . . 11

*Dillingham Shipyard v. Associated Insulation Co.*, 649 F.2d 1322
(9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Doe v. Keala*, 361 F. Supp. 2d 1171 (D. Haw. 2005) . . . . . . . . . . . . . . . . . . 2, 6, 13

*Guidry v. Clare*, 442 F. Supp. 2d 282, 95 (E.D. Va. 2006) . . . . . . . . . . . . . . 3, 10

*Hartford Fire Insurance Co. v. P&H Cattle Co., Inc.*, 2006 WL 3612661(D. Kan.
Dec. 11, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Klimbach v. Spherion Corp.*, 2006 WL 3751263 (W.D.N.Y. 2006) . . . . . . . . 2, 10

*Ohio-Sealy Mattress Manufacturing Co. v. Sealy Incorporated*, 776 F.2d 646
(7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc.*,
160 F.3d 170 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Pac. W. Cable Co. v. City of Sacramento*, 693 F. Supp. 865
(E.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 906
(9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Sea-Land Services, Inc. v. Murrey & Son's, Co.*, 824 F.2d 740
(9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Securities and Exchange Commission v. Goren*, 272 F. Supp. 2d 202
(E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States ex rel. John Doe v. Pennsylvania Blue Shield*, 54 F.Supp.2d
410 (M.D. Pa. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Villager Franchise Systems, Inc. v. Dhami, Dhami & Virk*, 2006
WL 988628, *3 -4 (E.D.Cal. Apr. 13, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## FEDERAL STATUTES

28 U.S.C. 1920 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**PLAINTIFF MAERSK INC.'S MEMORANDUM IN OPPOSITION
TO DEFENDANT HARTMANN METALS CORPORATION'S
OBJECTIONS TO SPECIAL MASTER'S REPORT
RECOMMENDING THAT PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES, COSTS AND PREJUDGMENT
INTEREST BE GRANTED IN PART AND DENIED IN PART**

Plaintiff MAERSK INC. ("Maersk"), by and through its attorneys Damon Key Leong Kupchak Hastert, files this Memorandum in Opposition to Defendant Hartmann Metals Corporation's ("HMC") Objections to Special Master's Report Recommending that Plaintiff's Motion for Attorneys' Fees, Costs and Prejudgment Interest be Granted in Part and Denied in Part ("Special Master's Report"), filed January 29, 2007.

## I.    INTRODUCTION

Magistrate Judge Barry M. Kurren's Special Master's Report Recommending that Plaintiff's Motion for Attorneys' Fees, Costs and Prejudgment Interest be Granted in Part and Denied in Part should be adopted or modified in favor of Maersk. All fees and costs incurred in this case resulted and continues to result from HMC's refusal to pay ocean freight, demurrage and diversion charges owed to Maersk for services provided nearly three years ago. Despite the stipulated judgment entered into between the parties in September, 2006, HMC has yet to pay Maersk the full amount of the judgment and Maersk has been forced to engage in post-judgment proceedings. Caused by HMC's pattern of denying liability, Maersk has expended substantial time and money in its collection efforts. Such time and money was

196580.01

necessary and reasonable.  The fees, costs and prejudgment interest requested by Maersk should be awarded accordingly.

## II.    STANDARD OF REVIEW

"[A] district court's evaluation of a fee petition is afforded ample discretion, because . . . 'the district court has the best vantage point from which to assess the skill of the attorneys and the amount of time reasonably needed to litigate a case.'" *Klimbach v. Spherion Corp.*, 2006 WL 3751263 (2006); *Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998) ("The district court has wide discretion in deciding motions for attorneys fees in admiralty cases").

A special master was appointed to this case under L.R. 53.1.  In acting on a special master's order, report or recommendation, the district court must afford an opportunity to be heard and may receive evidence.  Fed. R. Civ. P. 53(g)(1).  The district court may adopt or affirm, modify, wholly or partly reject or reverse the recommendations by the special master; or resubmit to the master with instructions. *Id.*

The district court must decide de novo all objections to findings of fact and/or conclusions of law made or recommended by the special master.  Fed. R. Civ. P. 53(g)(3) and (4).  "Matters of procedural discretion are reviewed for abuse of discretion." *Doe v. Keala*, 361 F. Supp. 2d 1171, 1177 (D. Haw. 2005) (citing Fed. R. Civ. P. 53(g)(5)).

"[I]n all instances, it is important to remember that '[a] request for attorney's fees should not result in a second major litigation.'" *Guidry v. Clare*, 442 F. Supp. 2d 282, 95 (E.D. Va. 2006) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

## III.  <u>ARGUMENT</u>

The attorneys' fees, costs and prejudgment interest incurred by Maersk spanned over two years of litigation because of HMC's repeated refusal to pay freight charges for services provided by Maersk. The fees, costs and prejudgment interest recommended by the Special Master are appropriate and justified by the law and facts in this case.

### A.  <u>Special Master Report Should Be Adopted</u>

This Court should adopt the Special Master's report prepared by Magistrate Judge Barry M. Kurren ("Special Master's Report" attached hereto as Exhibit "A"). Magistrate Kurren has been involved with the parties settlement progress, had discussions with the parties, is aware of the facts and circumstances surrounding this case and this fee request, and has had the ability to evaluate and assess the law pertaining to this request. Although Maersk feels it is still entitled to the full amount requested, Maersk accepts Magistrate Kurren's recommendation granting in part Maersk's attorneys' fees, costs and prejudgment interest, as it is both justified and reasonable. This Court may adopt and affirm or even modify the Special Master's Report to award Maersk all fees requested, but Maersk respectfully requests this Court

not reduce the award further from what was recommended to in the Special Master's Report for the following reasons.

### B.    HMC Agreed To Indemnify Maersk For Its Attorneys' Fees

Attorney's fees are recoverable if a contract provides for indemnification of attorneys' fees. *Sea-Land Services, Inc. v. Murrey & Son's, Co.*, 824 F.2d 740, 744 (9th Cir. 1988). The parties do not dispute, and the Special Master found that a contractual obligation clearly exists. *See* Special Master Report, at 1-2. According to each unpaid BOL:

> [t]he ***shipper*** . . . shall be . . . liable to the Carrier for the payment of . . . ***Court costs***, ***expenses*** and ***reasonable attorney fees*** incurred in ***collecting any sums due*** Carrier.

*See* Bill of Lading ("BOL") a copy of which is attached as Exhibit "1" to Plaintiff Maersk Inc.'s Motion for Attorneys' Fees, Costs and Prejudgment Interest, filed September 29, 2006.

Pursuant to this contract between Maersk and HMC, HMC is liable to Maersk for its attorneys fees incurred in collecting the unpaid freight charges. Maersk instituted a collection action against HMC to recover $73,936.41 and ultimately prevailed over two years later, agreeing to the amount of $65,000 by stipulated judgment. Caused by HMC's denial of liability for over two years, Maersk has incurred a substantial amount attorneys' fees in obtaining this judgment. What should have been a simple collection case turned out to be a drawn out process, made difficult and slow by HMC's continual defiance in accepting its responsibilities.

**C.**    **Attorneys' Fees Incurred Were Reasonable And Necessary**

HMC owes Maersk unpaid freight, demurrage and diversion charges from shipments made nearly three years ago.   Judge Hellen Gilmore concluded HMC was liable to Maersk for such charges.   *See* Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgement ("Summary Judgment Order"), at 18.   HMC, however, denied liability for such shipping, demurrage and diversion charges for over two years. *See id.* at 12 -17 (discussing HMC's assertions that it does not owe shipping, demurrage and other charges to Maersk).   It is ironic, however, for HMC now to admit in hindsight that "**HMC believed even before the summary judgment motion that [Maersk] would likely prevail on this issue at trial.**"   *See* Defendant Hartmann Metals Corporation's Objections to Special Master's Report Recommending that Plaintiff's Motion for Attorneys' Fees, Costs and Prejudgment Interest be Granted in Part and Denied in Part ("Objection"), at 16.    If HMC believed that Maersk would win, why would it prolong litigation and continue to deny liability?   It is absurd for HMC to now argue that the fees incurred by Maersk were unreasonable, while admitting it knew it would be liable for certain charges prior to the expense of much of the fees incurred, but nevertheless continued to litigate and drive up costs.[1]

---

[1] The amount of charges owed to Maersk was undecided by Judge Gillmor. HMC admitted, however, that demurrage and diversion charges were at least $40,860.78 (Maersk sought $54,311.10). *See* Summary Judgment Order, at 16.  The claim for these demurrage and diversion charges is what HMC now admits it believed prior to Maersk's motion for summary judgment that Maersk would prevail on. Another charge in dispute was the $18,875.36. This amount was what HMC contends was tendered to Maersk but returned by Maersk because it was an attempted accord

Maersk's motion for summary judgment was filed on January 17, 2006, over one year ago. This case could have ended prior to that, but because of HMC's unreasonable resistance, it did not. Therefore, the fees incurred by Maersk was necessary and reasonable in obtaining the stipulated judgment. Maersk should not be penalized for HMC's poor judgment in litigating this matter. It is Maersk who is owed unpaid shipping charges, who had to expend money to recover money and should be compensated for such effort.

HMC's objections to Maersk's request for attorneys' fees is unreasonable and only continues to drive up Maersk's fees. Maersk responds to HMC's objections accordingly.

1.   **Maersk's Billing Entries Are Sufficient To Determine The Reasonableness Of The Tasks Performed**

Not every minute of an attorney's time need be document. *See Keala*, 361 F. Supp. 2d at 1188 (D.C. Haw. 2005). All that is required is that "there be an adequate description of how the time was spent, whether it be on research or some other aspect of the litigation." *Id.* (citing *Pac. W. Cable Co. v. City of Sacramento*, 693 F. Supp. 865, 870 (E.D. Cal. 1988)).

---

and satisfaction. At time of the disposition of the motion for summary judgment, HMC also denied liability on this amount. Throughout the litigation, HMC's position was that it owed Maersk only $18,875.36. Clearly an amount in substantial disproportion to what Maersk was truly owed and to what HMC now admits it likely would have owed to Maersk after trial.

Maersk's time entries are adequate to determine the reasonableness of the fees requested. Each description was broken down by attorney, dates, hours and fraction of the hours spent in performing each service, with a description of the tasks performed. Despite HMC's claim that descriptions were inadequate, the Court is able to determine the nature of the tasks performed and the reasonableness of the time spent on each task.

In reviewing the record as a whole and in light of the litigation proceedings that were taking place at any given time, the Court can determine the nature of the work performed for those time entries claimed by HMC to be insufficient. Reduction is not necessary. *See e.g. Securities and Exchange Commission v. Goren*, 272 F. Supp. 2d 202, 212 (E.D.N.Y. 2003) (despite insufficient time entries, the court looked at the record as a whole to determine the nature of work performed, and did not reduce the amount of attorneys' fees requested for insufficient detail).

HMC asserts that numerous time entries are insufficient, most of which deal with correspondence between counsel for Maersk and its client as well as between counsel for Maersk and counsel for HMC, and even correspondence with the Court. "It's hard to believe that this time was not related to a reimbursable task[,]" and unreasonable. *See Dunn v. CSK Auto, Inc.*, 2006 U.S. Dist. LEXIS 82724, *38-39 (D. Or. 2006) ("[T]he fact that the conversation was with opposing counsel rather than a paralegal, makes it reasonable to assume that the subject matter concerned legal issues

rather than clerical issues.").[2]  Counsel for Maersk acted diligently in litigating this action, communicated thoroughly with Maersk as well as opposing counsel, especially because of the numerous settlement negotiations that took place.  Maersk's fees should not be reduced for any of its time entries dealing with correspondence to Maersk, opposing counsel and the Court because all of these were necessary to: communicate efficiently with each; keep the client and Court updated and informed; discovery; negotiate with opposing counsel; and to discuss strategy on how to proceed with the case.  For example, one entry, among many others marked by HMC as insufficient indicates: "Telephone conference with DPR re mediation; telephone conference with C. Farias, Esq. re same; draft emails to W. De Voe, Esq. re ___."  *See* Maersk's time entries attached hereto as Exhibit "B", 07/21/05 time entry by GWK in the Case Development, Background Investigation and Case Administration category .  This time entry clearly states the purpose for the telephone call to DPR and opposing counsel and by looking at the record and time entry as a whole, it can be determined that the nature of work performed pertained to mediation proceedings.  This is reasonable and compensable.

---

[2] At the very least, Maersk should not be penalized for any time entry that includes communication with opposing counsel and the Court.  HMC does not dispute that these communications actually took place, but only claims that the reason for the communication is not stated in its bills.  HMC was a party to these communications and should not claim its unreasonableness now.  Such time is clearly accounted for and should remain. *See Dunn*, 2006 U.S. Dist. LEXIS 82724 at *38-39.

Further, redacted time entries are protected by the attorney-client privilege and attorney work product doctrine. L.R. 54.3 ("[C]ounsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine," when providing a description of the tasks performed). The Court may sufficiently review the partially redacted entries. *See e.g. Hartford Fire Insurance Co. v. P&H Cattle Co., Inc.*, 2006 WL 3612661, slip op. (D. Kan. Dec. 11, 2006) (holding that the court is able to sufficiently review redacted time entries); *Villager Franchise Systems, Inc. v. Dhami, Dhami & Virk*, 2006 WL 988628, *3 -4 (E.D.Cal. Apr. 13, 2006) (finding that redactions such as "Correspondence with client regarding [redacted]" or "Conference with counsel regarding [redacted]" "appear to properly serve the interests of maintaining attorney-client privilege."). HMC claims that such privilege should not be invoked because the parties stipulated to judgment. *See* Objection, at 10. Maersk has not waived the attorney-client privilege merely because it entered into a stipulated judgment. L.R. 54.3 would not allow the attorney-client privilege to be considered when seeking attorneys' fees if the privilege could not be invoked after the parties settle a case. Maersk respectfully requests this Court to adopt the recommendation of the Special Master by granting the parties "relatively wide latitude with respect to attorney-client privilege[,]" and not reduce any fees for redacted time entries. *See* Special Master Report, at 5.[3]    The surrounding entries reveal the nature of work

[3] Maersk contends that fees not be reduced for redacted time entries. If the Court decides to reduce time entries finding them inadequate, however, such time should not be reduced in its entirety, but a reduction by percentage of those entries

performed with regard to the redacted information, but conceals the facts giving rise to the attorney-client privilege. A full record without redactions can be provided to the Court for in camera review if requested by the Court.

## 2.    Reduction Of Block Billing Amounts Should Be Minimal

### a.    Percentage Reduction Of Block Billing Is Acceptable

In evaluating a request for fees, "a court need not examine each and every billing entry." *Klimbach*, 2006 WL 3751263 (W.D.N.Y. 2006) (citing *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d. Cir. 1983)). It is well settled law that in dealing with block billing, the Court may reduce a fee request on a percentage basis, where the reduction is warranted. *Id.* (applying a 10% reduction for block-billed entries); *see also Guidry*, 442 F. Supp. 2d at 294-95 (reducing fees by percentage because of block billed time entries); *Berry v. Hawaiian Express Serv.*, 2006 U.S. Dist. LEXIS 87748, 49-52 (D. Haw. 2006) (applying a 10% reduction because of attorneys block billing).

> **Block billing is a common practice which itself saves time in that the attorney summarizes activities rather than detailing every task**. While a substantial number of vague entries may be a reason to exclude hours . . . **it is not a reason to exclude the entire entry**. We believe the more appropriate approach would be to **look at the entire block, comparing the listed activities and the time spent, and determining whether the hours reasonably correlate to**

---

should be applied. *See e.g. Cantanzano v. Doar*, 378 F. Supp. 2d 309, 324 (W.D.N.Y. 2005) (reducing hours by a percentage in light of occasional time entries that were inadequate).

196580.01

10

**all of the activities performed**.

*Citibank, N.A. v. Hicks*, 2004 WL 1895189, *7 (E.D. Pa. Aug. 24, 2004) (citing *United States ex rel. John Doe v. Pennsylvania Blue Shield*, 54 F.Supp.2d 410, 415 (M.D. Pa. 1999) (emphasis added) .

### b.    <u>Block Billed Time Entries Relate To One Task</u>

Many of the block billed time entries relate to each other and can be seen as one task.  Therefore there should be no reduction.  *See e.g. Frevach v. Multnomah County*, 2001 U.S. Dist. LEXIS 22255, *33-34 (D. Or. 2001); *Oberdorfer v. Glickman*, 2001 U.S. Dist. LEXIS 14677, *12-13 (D. Or. 2001) (determining that a 3.25 hour entry does not run afoul of the block billing problem even though it indicates three different tasks because all three tasks related to a preliminary injunction and should be chargeable as one task).[4]

---

[4] Several examples of block billings marked by HMC and related to one task are as follows: The 06/14/05 time entry indicated, "Strategize re appropriate mediator in this case; telephone conference with Kelly at DPR re availability of Judge Yim." *See* Exhibit "B".  This entry clearly discusses one task, case administration pertaining to mediation.  On the 08/10/05 time entry, it indicated, "Telephone conference with C. Farias, Esq. re mediation and option of status conference with Magistrate Kurren re same; correspond with GWK re same." *Id*.  All tasks in this time entry pertain to one task, the administration of the case regarding mediation.  Another time entry on 9/6/2006 indicated, "Review and execute Stipulation re Judgment; telephone conference with Magistrate Kurren's Courtroom Deputy re Stipulation; telephone call to Judge Gillmor's Courtroom Deputy re same." *Id*.  Clearly all tasks performed relate to the stipulated judgment.

c.    **Reduction On Block Billed Time Should Be Limited To Entries Over 3 Hours**

Reduction of block billed time should only apply to time entries over 3 hours long. Courts have ignored block billed time which was less than 3 hours because the time spent is so small in light of the number of tasks performed within the block billed entry. "[B]lock entries of three or more hours and containing four or more tasks[, or] block entries of three or more hours and containing four or more tasks, if one of them could have taken anywhere from a small to a substantial amount of time," may be reduced. *Frevach*, 2001 U.S. Dist. LEXIS 22255 at 33-34 ("Where the blocks are small enough, or the task described so as to allow [the court] to reasonably appreciate the time spent on each task, [the court] will do so."); *Oberdorfer*, 2001 U.S. Dist. LEXIS 14677 at 12-13 (applying same). Majority of the time entries asserted to be block billed are less than 3 hours, small enough to assume that the time spent on each task listed in the block entry was reasonable. For instance, the first marked entry, 11/08/04, .3 hours (18 minutes) was spent in a "Telephone conference with C. Farias, Esq. re meeting; draft email to W. De Voe, Esq." *See* Exhibit "B". 18 minutes spent on a telephone conference with opposing counsel and drafting an email is clearly reasonable.

d.    **All Time Entries Are Compensable And Need Not Be Distinguished From Non-Compensable Time**

A problem with block billing occurs when there are unrelated tasks involving both compensable and non-compensable tasks. When such block billing

exists, the court has a hard time determining the time spent on the compensable task. *See Navarro v. General Nutrition Corp.*, 2004 U.S. Dist. LEXIS 24258, *24-25 (D. Cal. 2004) (reducing hours by a percentage because it could not distinguish the nonbillable tasks with the billable tasks); *Finazzo v. Hawaiian Airlines*, 2006 U.S. Dist. LEXIS 89480, *7-10 (D. Haw. 2006) (estimating time spent on the non-compensable tasks for a necessary and reasonable award of attorneys fees when the time entries were in block billed format).

Here, there is only one claim and all fees expended on this claim are compensable. The Court need not distinguish between time spent and tasks performed on unrelated billable or nonbillable claims. All fees incurred by Maersk in this single claim for collection is recoverable and therefore block billing should not pose a problem.

### 3.    Fees Recommended By Special Master Is Not Disproportionate To Judgment

Maersk prevailed in this case receiving a judgment for $65,000 when it originally sought $73,936.41. The fees recommended by the Special Master are not disproportionate to the judgment obtained. Courts have awarded substantial amounts of attorneys fees when the judgment would seem minimal. *See e.g. Keala*, 361 F. Supp. 2d 1171, 1188 (D. C. Haw. 2005) (awarding $98,582.34 in attorneys fees and $27,307.37 in costs in obtaining a judgment of $3,650, inclusive of punitive damages); *see id*, 361 F. Supp. 2d at 1186 (citing *Cunningham*, 879 F.2d at 486 ("The mere

fact that plaintiff was not victorious as to all defendants does not automatically bar an attorneys fees award.   However, the amount of attorney's fees they receive should be based on the work performed on the issues in which they were successful.").   Maersk needed over two years and incurred all of the fees requested to obtain this judgment. This judgment was also a concession for Maersk.   HMC's refusal to own up to its responsibility was the sole reason that Maersk expended such time and money.   This is not a case involving multiple claims in which only one claim ultimately prevailed. Here, there is one single collection claim on which Maersk prevailed and the amount of time and fees incurred all went toward obtaining that judgment.   Because of HMC's refusal to pay and denial of liability throughout the litigation, the fees incurred were necessary and reasonable.

### 4.    Special Master Did Not Employ An Arbitrary Standard When Reducing Maersk's Fee By 20%

As discussed above, court's have discretion to award all fees requested or reduce such fee as it deems reasonable.   The Special Master's reduction of 20% of fees it found to be excessive is not arbitrary.

> [A] district court [does] not need to identify precisely the hours it disallow[s]: the district court could simply reduce the proposed fee award by a reasonable amount without performing an item-by-item accounting.

*Ohio-Sealy Mattress Manufacturing Co. v. Sealy Incorporated*, 776 F.2d 646, 657 (7th Cir. 1985) (applying percentage reduction to fee request); *see also Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 906 (9th Cir. 1995) (internal

citations omitted) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1002))
(The requirement that the district court "'provide a concise but clear explanation of its
reasons for the fee award,' merely obliges the court 'to give at least some indication
of how it arrived at the amount of compensable hours for which fees were awarded to
allow for meaningful appellate review.'"). This Court has the authority to make
percentage cuts to a fee request, as the Special Master did, and need not set forth an
hour-by-hour analysis. *See id.*

Here, the Special Master reduced the fee on certain portions of Maersk's
fee request finding the amount requested excessive. 20% is a substantial reduction to
Maersk's request and HMC should be pleased with the Special Master's
recommendation. In spite of HMC's objections, Maersk contends that the Special
Master's 20% reduction was not arbitrary. As for "case development, background
investigation, and case administration" the Special Master determined the amount
requested by Maersk was excessive in light of this case being a collection case. *See*
Special Master Report, at 5-6. With regard to "discovery" the Special Master notes
that preparation time is not forbidden, but determined that the specified hours spent on
written discovery and deposition activities should be reduced. *Id.* The Special
Master's explanation for its reduction is adequate and it is clear that the fee request
was independently reviewed to make such a determination.

The fees requested by Maersk were necessary and are reasonable.
Maersk engaged in many hours of "case development, background investigation and

case administration." For two years, Maersk diligently litigated this case: investigated the facts surrounding the freight, demurrage and diversion charges; periodically communicated with opposing counsel, the Court and clients regarding the status of the case and settlement; formulated strategy on how to proceed with the different phases in the litigation; and researched the law. In spite of HMC's continued denial of liability, Maersk was required to spend more of its time and resources in educating the Court on the facts and law of the case as well as to reach a "reasonable" settlement with HMC. Such time and expense resulted in Maersk's ability to obtain a stipulated judgment, even though a compromise, it was a reasonable judgment in light of the many years and money it spent.

As for discovery, the time spent was necessary to clear the confusion with HMC's bookkeeper regarding the outstanding balance owed by HMC to Maersk, as well as to determine the facts surrounding HMC's agreement to pay for diversion charges, which it later denied. The parties exchanged requests for production of documents, answers to interrogatories, and took depositions. Discovery requests also concerned overseas companies to determine the liability for the diversion and demurrage charges. Maersk also issued a subpoena on Bank of Hawaii for evidence of payments to Maersk to attempt to clear up HMC's confusion as to the amount owed. Had HMC paid the money owed, or at least admitted any liability for an amount owed, much of these discovery tasks would have been avoided. All of these requests were therefore necessary and the time spent on each of these tasks was reasonable.

Although the Special Master recommends a 20% reduction on fees requested for case development and discovery, Maersk respectfully requests that no reduction be applied because all time spent was necessary and reasonable.

**5.    All Fees Incurred In Mediation and Filing The Motion For Summary Judgment Should Be Awarded**

HMC's assumptions in hindsight shows no basis for any reduction in fees incurred for an attempted mediation and successful summary judgment motion. Both parties agreed to engage in mediation and to litigate through a motion for summary judgment in lieu of trial.

**a.    Mediation**

Without boring the Court on arguments already made by both parties, the mediation was unsuccessful because HMC denied any liability.[5]  Throughout the litigation, HMC claimed that it owed Maersk only $18,875.36.  It clearly owed Maersk for more, which is evident by the stipulated judgment it finally entered (for $65,000) as well as its admission in its Objection that it believed Maersk would prevail on the liability issue at trial.  HMC nevertheless refused to acknowledge liability and the mediator was unable to facilitate a compromise.  In mediation, both parties bore the risk of its failure.  Unfortunately, this mediation was unsuccessful.  Maersk did not

---

[5] HMC claims that it was reasonable in trying to negotiate and mediate to a solution.  However, how can HMC claim that it was reasonable when in its opposition to Maersk's motion for summary judgment it continued to deny all liability even though it believed that Maersk would prevail on the issue of demurrage and diversion charges?  *See* Objection, at 16.

196580.01                                                17

enter mediation just to drive up attorneys fees. It tried to save time and money hoping for a resolution. As the Special Master noted, "[i]n the absence of any evidence that Maersk prolonged settlement negotiations solely to increase its fees, . . . HMC should pay all charges related to the mediation."[6] Special Master Report, at 7.

### b.    Motion For Summary Judgment

With an unsuccessful mediation, and to avoid incurring even more attorneys fees by going to trial, Maersk suggested a motion for summary judgment. HMC agreed. As discussed above and as found in the Special Master's Report, it was because of the Court's determination that HMC was liable to Maersk for shipping, demurrage and diversion charges that HMC realized that its insistence on only $18,875.36 was unreasonable. After the Court issued its Summary Judgment Order, the parties were able to negotiate a reasonable compromise on the amount owed.[7]

Now, HMC contends that it believed "even before the summary judgment motion that [Maersk] would likely prevail on this issue at trial" Objection, at 16. If HMC really believed this, then it should not have agreed to allow Maersk to file its summary judgment motion and should have afforded to stipulate to a judgment in a

---

[6] HMC argues that in the alternative to reducing all time spent on mediation, Maersk's block billings with regard to mediation should be reduced. This is unnecessary. It is clear by the surrounding time entries relating to mediation that time spent and tasks performed in each block billed entry pertained to mediation. Since the nature of work and its reasonableness, as it pertains to mediation, can sufficiently be reviewed by the Court, no time should be reduced for block billings.

[7] Although the judgment amount was stipulated, HMC still has not paid Maersk and Maersk continues to incur fees and costs in post-judgment proceedings.

more reasonable amount. HMC cannot now argue in hindsight that a settlement might have occurred had the summary judgment motion not been filed. The issue is whether the time spent on the summary judgment motion was necessary and reasonable, and not what would have happened if there was no summary judgment motion. Maersk incurred attorneys' fees in filing this motion, it was successful and the amount is reasonable. No fees should be reduced.[8]

### 6.    Fees Incurred On Requesting Fees Should Be Awarded

Although the Special Master recommended that no prospective and unsubstantiated fees be allowed in Maersk's fee request, Maersk requests this Court reconsider in light of the time Maersk has spent responding to HMC's objection to the Special Master's Report and the future proceedings that may take place. Because of HMC's objection, Maersk has incurred and is incurring more attorneys' fees than anticipated. As of the filing of this response, Maersk has incurred approximately $10,000 in attorneys' fees since filing its fee application.[9]

---

[8] Again, HMC argues that in the alternative to reducing all time spent on the motion for summary judgement, Maersk's block billings with regard to mediation should be reduced. This is unnecessary. As with the time entries related to mediation, it is clear by the surrounding time entries related to the motion for summary judgment that time spent and tasks performed in each block billing pertained to the motion. Since the nature of work and its reasonableness, as it pertains to motions practice, can sufficiently be reviewed by the Court, no time should be reduced for block billings in this category.

[9] Such fees include fees incurred in post-judgment proceedings and time spent responding to HMC's Objection.

**D.    HMC Has Contractual Obligation To Compensate Maersk For All Costs And Expenses Incurred**

As discussed above, HMC has a contractual obligation to indemnify Maersk for all court **costs and expenses** incurred in collecting unpaid freight charges. HMC argues that the expense for legal research should not be recoverable. "Electronic legal research costs are commonly incurred in litigation and typically passed on to fee paying clients." *Finazzo*, 2006 U.S. Dist. LEXIS 89480 at *11-12 (finding that the Westlaw costs were reasonable and necessarily incurred and are fully compensable). This cost may not be a cost taxable under 28 U.S.C. 1920; it is, however, an expense that was incurred in collecting the unpaid freight charges, recoverable by contract. "By including 'expenses' as a term independent from 'costs' in the shipping agreement, the parties indicated that they intended Maersk to be able to recover both taxable and nontaxable expenses." Special Master's Report, at 9. Legal research expenses in the amount of $1,718.87 are reasonable.

**E.    Maersk Is Entitled To Prejudgment Interest**

The Court must grant prejudgment interest "unless peculiar circumstances justify its denial." Special Masters Report, at 9 (quoting *Dillingham Shipyard v. Associated Insulation Co.*, 649 F.2d 1322, 1328 (9th Cir. 1981)). No peculiar circumstances exist in this case. HMC owed money to Maersk. HMC refused to pay. A stipulated judgment was entered in favor of Maersk for the amount of $65,000. HMC is liable for prejudgment interest on at least that amount.

196580.01                                                        20

HMC argues that the Special Master's recommendation of prejudgment interest be reduced because of its allegations that Maersk's billing practices were confusing and because it tendered $18,875.36 in 2004.[10]   Tender, however, is irrelevant, especially since such tender was an attempted accord and satisfaction. *See* Exhibit "9" to Plaintiff's Reply Memorandum in Support of its Motion for Attorneys' Fees, Costs and Prejudgment Interest, filed November 16, 2006 (stating by HMC's bookkeeper that "I will suggest to Mr. Hartmann that he should release payment of $18,875.36 **to clear this account**").   Moreover, HMC agreed that it legally owed Maersk $65,000 and stipulated to judgment.  Prejudgment interest should at least be awarded on that amount.  Any issue of tender should have been dealt with and was considered when negotiating a stipulated amount.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Maersk respectfully requests this Honorable Court to either modify the recommended award to include all fees, costs and prejudgment interest requested by Maersk, or to adopt the Special Master's Report, filed January 29, 2007.

---

[10] Maersk seeks prejudgment interest on the principal amount of $73,936.41 sought since stipulating to judgment was a concession to avoid further attorneys fees and costs that would have been incurred in trial.

196580.01                                      21

DATED:  Honolulu, Hawai`i, February 26, 2007.

DAMON KEY LEONG KUPCHAK HASTERT

GREGORY W. KUGLE
TRICIA K. FUJIKAWA LEE

Attorneys for Plaintiff
 MAERSK INC.