IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAERSK, INC., | ) | CV. NO. 04-00652 HG-BMK |
| | ) | |
| Plaintiff, | ) | SPECIAL MASTER'S REPORT |
| | ) | RECOMMENDING THAT |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | ATTORNEYS' FEES, COSTS, AND |
| HARTMANN METALS | ) | PREJUDGMENT INTEREST BE |
| CORPORATION, | ) | GRANTED IN PART AND |
| | ) | DENIED IN PART |
| Defendant. | ) | |
| | ) | |
| | ) | |

## SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND PREJUDGMENT INTEREST BE GRANTED IN PART AND DENIED IN PART

Plaintiff Maersk, Inc. has moved the Court for an award of attorneys' fees, costs and prejudgment interest. Pursuant to Local Rule 53.1, the case has been designated to the magistrate judge as a Special Master. After careful consideration of the motion and the supporting and opposing memoranda, the Special Master FINDS and RECOMMENDS that Plaintiffs' motion be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

Plaintiff Maersk, Inc. ("Maersk") and Defendant Hartmann Metals Corporation ("HMC") entered into a shipping agreement. Included in this shipping



EXHIBIT A

agreement was a provision that HMC would be liable for "any Court costs, expenses and reasonable attorney fees incurred in collecting any sums due Carrier." (Mem. Supp. Mot. Ex. 1.)

On November 3, 2004, Maersk filed this admiralty action to recover $73,936.41 in freight and other charges it claims it was owed by HMC under their agreement. On February 21, 2006, the Court granted Maersk partial summary judgment. The Court ruled that HMC was liable to Maersk for any unpaid charges, but found that an issue of material fact remained as to the amount of those charges. On September 12, 2006, Maersk and HMC stipulated to a $65,000 judgment in favor of Maersk. In this stipulation, the parties agreed that Maersk would submit a motion for attorneys' fees and prejudgment interest to the Court. Maersk submitted the present motion on September 29, 2006.

## DISCUSSION

Maersk seeks attorneys' fees in the amount of $93,897.20, costs in the amount of $7,338.60, and prejudgment interest in the amount of $20,948.62. The Special Master recommends that Maersk be awarded $76,874.96 in attorneys' fees, $7,338.60 in costs and expenses, and $7,162.97 in prejudgment interest.

Case 1:04-cv-00652-HG-BMK   Document 62   Filed 01/29/2007   Page 3 of 12

## I. ATTORNEYS' FEES

Maersk requests attorneys' fees in the amount of $93,897.20. Maersk argues that it is entitled to these fees because it reasonably incurred them in seeking to recover the freight charges it was owed by HMC. HMC objects to Maersk's requested fees on both procedural and substantive grounds.

### A. Procedural Objections to Attorneys' Fees

On procedural grounds, HMC contends that Maersk's attorneys' fees award should be reduced because Maersk has failed to follow the Local Rules. The Local Rules require that a request for attorneys' fees must include "a description of the work performed by each attorney and paralegal, broken down by hours or fractions thereof expended on each task." Local Rule 54.3(d). Each of these entries "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Local Rule 54.3 (d)(2).

First, HMC argues that sixty-six of Maersk's entries violate Local Rule 54.3(d) by listing only the total time expended on multiple tasks, rather than the amount of time "expended on each task," L.R. 54.3(d).[1] Together, these sixty-six entries bill HMC for $20,027.50. HMC argues that it cannot substantively

---

[1] This practice is also known as "block billing." See Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998).

3

evaluate the reasonableness of these charges, because it does not know how much time Maersk devoted to each discrete task.

The Special Master agrees that the entries Maersk has identified violate Local Rule 54.3(d) and make it difficult to effectively evaluate Maersk's fee request. Therefore, the Special Master recommends that the $20,027.50 in block-billed fees identified by HMC be reduced by 20%, or $4,005.50. In addition, the Special Master finds that the description of the entry for October 28, 2005, in addition to being block billed, is entirely insufficient to justify the amount of time billed.[2] The Special Master recommends that Maersk be awarded no fees for this entry, further reducing Maersk's fee award by $1,302.40.[3] Furthermore, Maersk should not be allowed to bill for two attorneys' time at the same meeting on November 1, 2005. This further reduces Maersk's fee total by $562.40.[4]

Second, HMC argues that Maersk's redacted descriptions of telephone calls and legal research do not adequately describe the services rendered because

---

[2] The October 24, 2005 entry bills 8.8 hours for "Conference with Ms. P. Lake ____; leave messages for Ms. R. Austin re ____; telephone conference with W. De Voe, Esq. Re ____; transmit revised draft to Mr. De Voe and Ms. Austin for review and comment."

[3] Although the October 24, 2005 entry bills $1,628, 20% of this amount has already been deducted for block billing. The remaining 80% which will now also be deducted from Maersk's total is $1,302.40.

[4] As above, Mr. Dumalo's November 1, 2005 entry for $703 has already been reduced by 20% for block billing. The remaining 80% of that entry which will now be deducted is $562.40.

they do not include a "reason for the call" and an "identification of the specific issue researched" as required by Local Rule 54.3(d)(2). Maersk claims attorney-client privilege, and offers to furnish the court with the full records for *in camera* review. The calls HMC has identified constitute just 2.7 hours of time spent, while the legal research HMC takes issue with accounts for just 6.2 hours. While these entries could probably be more descriptive without revealing privileged information, the Special Master is willing to grant the parties relatively wide latitude with respect to attorney-client privilege. Moreover, it is difficult to see how 2.7 hours of telephone calls or 6.2 hours of legal research could be possibly be unreasonable in the context of this case, and the Special Master recommends that no additional fees be deducted.

### B. Substantive Objections to Attorneys' Fees

In addition to these procedural arguments, HMC also argues substantively that Maersk expended an unreasonable amount of time on this matter. First, HMC argues that the 119.8 hours that Maersk spent on case development, background investigation, and case administration is excessive, given that this was essentially a collection case. The Special Master agrees that Maersk's requested fee of $24,717 for case development is unreasonable for this type of case, and

5

recommends that Maersk's requested fee for case development be diminished by an additional 20%, or $4,103.74.[5]

Second, HMC argues that Maersk also spent an unreasonable amount of time on discovery. Maersk has billed 99 hours for interrogatories, document production, and other written discovery, and for 49.4 hours of time related to (and including) approximately 16 hours of depositions. Maersk points out that preparation time is allowed by the Local Rules and contends that all of the time it spent on discovery was "reasonable and necessary, particularly given the accounting morass of HMC's records or lack thereof." (Pl.'s Reply 10.) The Special Master notes that preparation time is not forbidden, but finds that both the 99 hours Maersk spent on interrogatories, document production, and other written discovery was excessive, as was the 49.4 hours that Maersk spent on deposition-related activities. The Special Master therefore recommends that Maersk's fees for discovery also be reduced by an additional 20%, or $5,048.20.[6]

---

[5] The reduction of 20% is calculated on the case development charges that remain after other reductions. $24,717 was originally charged for case development. The Special Master has disallowed two particular charges totaling $2,331. Of the $22,386 remaining, an additional $1,867.30 has already been deducted from case development for block billing. Thus, the 20% reduction is calculated on $20,518.70 that Plaintiffs have been allowed for case development.

[6] The reduction of 20% is calculated on the interrogatory, document production, other written discovery, and deposition charges that remain after other reductions. These categories originally totaled $26,562, but $1,321 was deducted for block billing. Thus, the 20% reduction is calculated on the remaining amount of $25,241.

6

Third, HMC contends that it should not have to pay the $13,814.50 related to mediation fees sought by Maersk because Maersk "refused to compromise on the principal it claim[ed] it was owed." (Def.'s Mem. Opp. 15.) Maersk, on the other hand, claims that it was HMC who exhibited an "unreasonable stance in settling the dispute." (Pl.'s Reply 10.) The Special Master need not decide which party was less willing to compromise. In the absence of any evidence that Maersk prolonged settlement negotiations solely to increase its fees, the Special Master recommends that HMC should pay all charges related to the mediation.

Fourth, HMC believes that it is "entitled to a 25% reduction on any fees awarded" because early in the litigation, it tendered $18,875 to Maersk, or approximately 25% of the $73,396 sought by Maersk. (Def.'s Mem. Opp. 6.) Maersk refused this tender, believing that it was a compromise offer. The Special Master fails to see how acceptance of the tendered check would have reduced any of the subsequent litigation costs, and recommends that Maersk's charges not be further reduced.

Fifth, HMC argues that Maersk should not be awarded fees related to its summary judgment motion, which was granted in part and denied in part. However, Maersk prevailed on this motion with respect to liability, and as a result

7

the parties entered into the stipulated judgment. The Special Master recommends that Maersk be awarded all of the fees it seeks with respect to the motion for summary judgment.

Sixth, HMC argues that "Maersk's confusing billing practices contributed to the litigation." (Def.'s Mem. Opp. 2.) Maersk counters that while that may be the case, "it does not take away the fact that HMC owed money to Maersk for services it performed and refused to pay for over two years . . . ." (Pl.'s Reply 10.) The Special Master does not find that Maersk has made a sufficient showing in this regard to warrant further reductions of Maersk's attorneys' fees.

Finally, Maersk requests $2,000 in attorneys' fees that it estimates will be necessary "to obtain final written judgment." (Pl.'s Supplemental Mem. Supp. Mot. 3.) The Special Master recommends that Maersk not be allowed to recover these prospective, unsubstantiated fees. In sum, the Special Master recommends that Maersk's request for $93,897.20 in fees be reduced by a total of $17,022.24, allowing Maersk to recover **$76,874.96** in attorneys' fees from HMC.

## II. COSTS AND EXPENSES

In addition to the attorneys' fees it requests, Maersk also requests an award of $7,338.60 in taxable costs and nontaxable expenses. HMC contends that if any costs are allowed at all, they should only be taxable costs, not nontaxable

8

expenses. The Special Master disagrees. The shipping contract between the parties requires HMC to pay for "any Court costs, *expenses* and reasonable attorney fees incurred in collecting any sums due Carrier." (Mem. Supp. Mot. Ex. 1 (emphasis added).) Taxable costs are awarded to the prevailing party as a matter of course under Rule 54(d)(1) of the Federal Rules of Civil Procedure. Other "related nontaxable *expenses*" may be awarded by motion. F.R.C.P. 54(d)(2) (emphasis added). By including "expenses" as a term independent from "costs" in the shipping agreement, the parties indicated that they intended Maersk to be able to recover both taxable costs and nontaxable expenses. Therefore, the Special Master recommends that Maersk be awarded the **$7,338.60** it seeks in costs and expenses.

## III. PREJUDGMENT INTEREST

Finally, in addition to the attorneys' fees, costs, and expenses, Maersk requests $20,948.62 in prejudgment interest. When a district court is sitting in admiralty jurisdiction, "prejudgment interest must be granted unless peculiar circumstances justify its denial." Dillingham Shipyard v. Associated Insulation Co., 649 F.2d 1322, 1328 (9th Cir. 1981). The interest rate awarded may be either the rate provided under the law of the local jurisdiction, U.S. v. M/V Zoe Colocotroni, 602 F.2d 12, 14 (1st Cir. 1979), or it may be the rate provided for by 28 U.S.C. § 1961, Reeled Tubing, Inc. v. M/V Chad G., 794 F.2d 1026, 1029-30

9

(5th Cir. 1986). Under Hawaii law, the interest rate is set at 10% per year. Hawaii Revised Statute § 478-2. Under 28 U.S.C. § 1961, interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961. The stipulated judgment in this case was filed September 12, 2006; the 1-year constant maturity Treasury yield for the preceding week was 5.02%.[7]

Here, Maersk's requested prejudgment interest amount of $20,948.62 is based on Hawaii's 10% interest rate applied to the $73,936.41 in freight charges that Maersk sought to recover. HMC argues that if any prejudgment interest is awarded, it should be based not on the amount Maersk sought to receive, but on the actual stipulated judgment amount of $65,000. In addition, HMC argues that it should not be charged any interest on the $18,875 it attempted to tender to Maersk in the spring of 2004, or for any time after Maersk's motion for summary judgment was granted in part and denied in part. Finally, HMC requests that Maersk be granted the federal interest rate of 5.02% rather than the Hawaii interest rate of 10%.

---

[7]http://www.federalreserve.gov/releases/H15/data/Weekly_Friday_/H15_TCMNOM_Y1.txt.

10

The Special Master recommends that Maersk be awarded the federal interest rate of 5.02%. The purpose of prejudgment interest in admiralty cases is "not as a penalty, but as compensation for the use of funds to which the claimant was rightfully entitled." Self v. Great Lakes Dredge & Dock Co., 822 F.2d 1540, 1550 (11th Cir.1987). To award Maersk an interest rate of 10% would improperly penalize HMC and put Maersk in a better position than if it had received the money at the time of the loss. Moreover, this case is before the United States District Court, and so it seems reasonable to apply the interest rate specified in the United States Code.

The Special Master also recommends that this rate be applied to the stipulated judgment amount of $65,000 rather than the $73,936.41 in freight charges Maersk sought to recover. While Maersk argues that "the Stipulated Judgment amount of $65,000 was only a concession to avoid the future expense of trial," it was nonetheless a concession. Whatever its reasons may have been, Maersk conceded that it was legally owed only $65,000.

The Special Master does not recommend that the prejudgment interest be further reduced by the amount of Maersk's rejected tender or limited to the time

period preceding the summary judgment motion. Therefore the Special Master Recommends that Maersk be awarded $7,162.97 in prejudgment interest.[8]

## CONCLUSION

For the aforementioned reasons, the Special Master FINDS and RECOMMENDS that Plaintiff's motion for attorneys' fees, costs, and prejudgment interest be GRANTED IN PART and DENIED IN PART, and that Plaintiffs be awarded **$76,874.96** in attorneys' fees, **$7,338.60** in costs and expenses, and **$9,686.43** in prejudgment interest.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: January 26, 2007

---

[8] This computation is based on the rate of 5.02%, compounded annually on $65,000 over the two years and forty-eight days between Maersk's invoice of July 26, 2004 and the filing of the stipulated judgment on September 12, 2006.

Maersk, Inc. v. Hartmann Metals Corp.; SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND PREJUDGMENT INTEREST BE GRANTED IN PART AND DENIED IN PART; Civ. No. 04-00652 HG-BMK.