CYNTHIA A. FARIAS          #4108
(Email:  cynfarias@msn.com)
810 Richards Street, Suite 810
Honolulu, Hawaii  96813
Telephone:  (808) 533-8887
Facsimile:  (808) 521-2870

TED N. PETTIT             #4287
(Email:  tpettit@caselombardi.com)
ALEXIS M. MCGINNESS       #8220
Email:  amcginness@caselombardi.com)
CASE LOMBARDI & PETTIT
737 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone:  (808) 547-5400
Facsimile:  (808) 523-1888

Co-Counsel for Defendant
**HARTMANN METALS CORPORATION**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAERSK, INC., | CIVIL NO. 04-00652 HG-BMK |
| Plaintiff, | |
| vs. | **DEFENDANT HARTMANN METALS CORPORATION'S REPLY TO PLAINTIFF MAERSK INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT HARTMANN METALS CORPORATION'S OBJECTION TO SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND PREJUDGMENT INTEREST BE GRANTED IN PART AND DENIED IN PART; CERTIFICATE OF SERVICE** |
| HARTMANN METALS CORPORATION, | |
| Defendant. | |

28430/1/659453.1

**DEFENDANT HARTMANN METALS CORPORATION'S REPLY
TO PLAINTIFF MAERSK INC.'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HARTMANN METALS CORPORATION'S OBJECTION
TO SPECIAL MASTER'S REPORT RECOMMENDING THAT
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND PRE-
<u>JUDGMENT INTEREST BE GRANTED IN PART AND DENIED IN PART</u>**

Hartmann Metals Corporation ("HMC"), by and through its undersigned counsel, submits this Reply to the Memorandum in Opposition filed February 27, 2007 by Plaintiff Maersk, Inc. ("Maersk") to Hartmann Metals Corporation's Objection to Special Masters Report Recommending that Plaintiff's Attorneys' Fees, Costs and Prejudgment Interest Be Granted in Part and Denied in Part ("MIO").

## I.    INTRODUCTION

The question before this court is whether or not Maersk has satisfied its burden of properly documenting its claim for attorney fees. The answer is "no" for the basic reason that the amount of attorney hours expended by Maersk in the litigation were 'excessive, redundant or otherwise unnecessary' in light of the results obtained.

In its MIO, Maersk portrays the District of Hawaii Local Rules as immaterial. But the Local Rules are not just rules. They are essential guidelines for this Court to examine the reasonableness of Maersk's claim for fees in what should have been a straight forward collection matter if Plaintiff had just provided to HMC an accurate accounting of the amounts

owed.  Plaintiff has not satisfied its burden of proving that the 'fees incurred were reasonably necessary to achieve the results obtained.'  As a result of Maesk's counsel's (A) inadequate descriptions, (B) unnecessary services, (C) redacted time entries, (D) block billing and (E) failed litigation tactics, the fees recommended by the Special Master must be reduced.

## II.    ARGUMENTS IN FAVOR OF FURTHER REDUCTIONS TO ATTORNEYS' FEES

### A.    Maersk Should Not Be Rewarded For Submitting Billing Entries that Prevent this Court from Determining the Reasonableness of the Time Spent on Tasks and Certain Matters

"Reduction of hours reported is warranted where counsel has provided inadequate documentation."  *Doe v. Keala,* 361 F. Supp. 2d 1171, 1184 (D. Haw. 2005)(citing *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484).  "Counsel should, at the very least, **'identify the general subject matter of his time expenditure**.'" *Id.* (citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983))(emphasis added).   Reductions are appropriate where, as in this case, 'the descriptions provided did not indicate 'the general subject matter' of the communications or services provided and

hence, did not provide sufficient justification that such time was reasonably expended.' *Id.*[1]

At the onset of this dispute, Maersk's attorneys were aware that Maersk was entitled to recover attorneys' fees pursuant to the BOL yet Maersk failed to adequately describe the services rendered. Maersk simply ignored the requirements of the Local Rules. If vague and insufficient billing entries become the standard for an award of fees, then entries with adequate descriptions are more susceptible to elimination. The Local Rules should be enforced.

## B. Review of the Litigation as a Whole Does Not Satisfy Maersk's Burden of Proving Specific Services Rendered Were Necessary To Achieve The Results Obtained

Maersk suggests that by reviewing the record as a whole in light of the litigation proceedings that took place, this Court can determine the

---

[1] In *Keala,* the court provides a list of those descriptions for which it found inadequate entries as part of Appendix A. The entries included, for example, the following:
- "Telephone conference with Edie; telephone conference, with Edie and fax to Duffie; research Wrightslaw for decisions"
- "E-mail to E. Feldman"
- "Telephone conference with E. Feldman"
- "Review incoming correspondence"
- "Review of emails w/Edie; Analyze the Circuit in Case; Tel. Confs. w/Edie and others"

The following provide examples of entries HMC disputes due to the failure of Maersk's attorneys to at least provide some indicia of the subject matter, as set forth in Exhibit "3" of HMC's Objections:
- 11/23/04: Review emails from W. De Voe, Esq.; telephone conference with W. DeVoe; draft correspondence to C. Farias, Esq.
- 12/2/04: "Telephone conference with P. Lake"
- 4/15/05: "Review emails from Ms. P. Lake"

nature of the work performed for those entries claimed by HMC to be insufficient.   <u>See</u> MIO, P. 7.   In support of this notion, Maersk cites *Securities and Exchange Commission v. Goren*, 272 F. Supp. 2d 202, 212 (E.D.N.Y. 2003) but that case does not support the notion that inadequate time records should be excused because the court may examine the posture of the litigation as justifying excessive and unreasonable time spent on unknown tasks.   In fact, the fees at issue in that case concerned an accounting firm, an entity that is not generally aware or restricted by the Court's local rules of fee records.[2]

Maersk asserts that despite the lack of explanation for numerous correspondence between counsel and client, this Court should assume they are reasonable.   <u>See</u> MIO, P. 7.   Because Maersk fails to adequately provide the subject matter or purpose for conversations and email correspondence with its client, this Court cannot adequately determine the validity and reasonableness of the voluminous amount of time spent on such conversations and written communications.   This is precisely the

---

[2]  The New York court reduced the fees by 30% despite the accounting firm of Deloitte and Touche LLP's inadequate entries because, unlike standard litigation in which the professionals engage in complex and speculative litigation, a receiver was appointed primarily for the collection and liquidation of the Defendant's assets with the recognition that conservation of the estate's resources was the utmost importance and that professional fees incurred should be kept at a minimum.  *Securities and Exchange Commission v. Goren*, 272 F. Supp. 2d 202, 212 (E.D.N.Y. 2003).

reason why some indicia of the topic or purpose of the communication is required and block-billing is prohibited.

### C. Maersk Fails To Adequately Explain the Purpose of Redacted Tasks to Satisfy Its Burden of Proving That Such Entries Are Reasonable

Maersk's plea that this Court give a relatively wide latitude with respect to attorney-client privilege and not reduce any fees for redacted time entries should be disregarded. Maersk cites a Kansas and California case but disregards a District of Hawaii case pertaining to redacted entries. In the Hawaii case, the Court found:

> many entries or portions thereof were redacted, making it difficult, if not impossible, for the court to ascertain whether the specific time entry was reasonable [n6: Examples of these entries include memo to file re redacted", continue drafting of redacted, or review records re redacted]. A significant number of hours were deducted because the court was unable to determine the reasonableness of the work.

*Kona Enterprises , Inc. v. Estate of Bernice Pauahi Bishop*, 1999 U.S. Dist. LEXIS 22854 (D. Haw. 1999)(on appeal and remand, redacted entries were not at issue). It is particular difficult to determine the purpose of certain communications for those entries broadly categorized as "case development, background investigation and case administration".

The Kansas and California cases do not support Maersk's claim because they concerned adequate billing entries. In the California case of

*Villager Franchise Systems, Inc. v. Dhami, Dhami & Virk*, the purpose of the work is self-evident.  For example, entries stated "Review [redacted] to prepare complaint and court rules to [redacted]."  The court also was able to review surrounding entries for concurrent work to determine whether reasonable work was conducted.  In these cases, the courts were able to "sufficiently review the partially redacted entries to conclude that the entries reflect services that are appropriate."  *Id.,* 2006 WL 988628 at *3 (E.D. Cal. 2006).

Maersk's entries do not indicate by any means the purpose for which certain correspondence was conducted nor do the surrounding entries provide insight as to whether client communications were appropriate. Nearly every entry has a redaction of some sort.  See Exhibit "3" of Objections.  Thus, this Court should follow the Hawaii precedent and deduct those entries for which it is unable to ascertain the purpose of the services rendered.

### D.    The Combination of Block Billing and Inadequate Descriptions Is The Crux of The Difficulty in Assessing the Reasonableness Time for Unknown Purposes

Maersk cites two Pennsylvania cases in support of its contention that this Court should look to the entire entry of the block-billing to determine the reasonableness of the time spent on the activities indicated.  Without

sufficient description of the block-billed entries, however, HMC and this Court may not be able to determine the validity of certain block entries. Review of the entire block entry in many instances does not reveal whether the hours reasonably correlate to the activities performed due to the inadequate description of the subject matter.  <u>See</u> Exhibit "A" attached to the Objections.[3]  In view of the inadequate descriptions, one cannot assess if certain entries are inter-related.  In fact, there are numerous block-billed entries that appear to be unrelated.[4]  Thus, Maersk's block billing entries cannot be assumed to have been related.[5]

---

[3]  For example, based on the inadequate descriptions it is unclear whether the amount of time spent is indeed reasonable:

- 4/4/05: Telephone conference with W. DeVoe, Esq. re _____; Review correspondence from Ms. P. Lake re: _____; Telephone conference with C.  Farias, Esq. re extension of discovery deadline and scheduling status conference with Magistrate B. Kurren; email Mr C. Sullivan re: _____.  Hours: 1.4
- 4/25/05: Telephone conference with Mr. C. Sullivan re: _____; review emails from Ms. P. Lake.  Hours: 1.6
- 8/1/05: Review email from W. DeVoe, Esq. and respond to same;  Telephone conference with C. Farias, Esq. re request to postpone mediation until October.  Hours: 1.5
- 8/31/05: Review Scheduling Order and mediation status;  Telephone conference with W. DeVoe, Esq. and Ms. R. Austin re :_____.  Hours: 1.4
-

[4] Examples of entries in which the lack of adequate description prevents assessment as to whether the tasks are inter-related:

- 4/25/05: Telephone conference with Mr. C. Sullivan re: _____; review emails from Ms. P. Lake.  Hours: 1.6.
- 10/24/05: Conference with P. Lake _____;  Leave message with Ms. R. Austin re _____;  Telephone conference with W. DeVoe, Esq. re _____;Transmit revised draft to Mr. DeVoe and Ms. Austin for review and comment.  Hours: 8.8.

[5] Examples of block billed entries that appear to include tasks that bear no relation to each other include:

- 1/6/05: Review and respond to W.DeVoe's email correspondence; telephone conference with C. Faris re: meeting of parties; formulate discovery for Hartmann. Hours: 1.7.
- 3/17/05: Telephone conference with Ms. P. Lake; Strategize re responses to discovery; Conduct research re statute of limitations arising under maritime law.  Hours: 0.8.
- 4/5/05: Telephone conference with Mr. C. Sullvan re:_____; Leave message with Magistrate B. Kurren's office re rescheduling status conference until after discovery

Maersk argues that multiple-task entries that relate to one subject matter should be seen as inter-related. Therefore, Maersk argues, no reduction should be permitted. In support of this contention, Maersk cites two Oregon cases. In *Frevach Land Co. v. Multnomah County*, 2001 U.S. Dist. LEXIS 22255 (D.Or. 2001), the Court determined "that it is appropriate to exercise [its] discretion by eliminating the entire block billing entry as other courts…have done." *Id.,* US. Dist. LEXIS at *32. The court went on to examine each entry, and 'tried' to read the entries for any "eye toward finding delineated tasks sufficiently related to each other to allow them to be seen as one." *Id.* at * 33. In these cases, however, the court was provided at least some detail as to the subject matter. Here, the lack of description pertaining to the relevance of the communications, research, document review, and drafting prevent this Court from assessing the reasonableness of the time spent, even the time spent on the block billed time. This is the crux of the problem with use of block-billing and inadequate descriptions.

Maersk suggests that HMC claims that entries including correspondence between opposing counsel is unreasonable. This is a misstatement of HMC's position. HMC does not claim that the time spent

---

deadlines/documents exchanged; Review Maersk-Hartmann e-mails from Ms. P. Lake. Hours: 1.2.

communicating with opposing counsel is unreasonable but rather HMC is unable to assess the amount of time spent on such communications as opposed to other tasks within the block billing.[6]   The lack of adequate description as to the subject matter of the related tasks prevents HMC and this Court from accurately assessing whether the multiple entries relate to the same issue discussed with HMC's counsel or are unrelated matters. There is not one disputed entry in which the only task relates solely to communication with opposing counsel.[7]   As discussed above, this Court cannot assume that the tasks are inter-related as there are numerous entries provided by counsel that demonstrate that the block billed time did not necessarily relate to the same particular subject matter.

Maersk cites Oregon cases for the argument that reductions on block billing time should be limited to entries over 3 hours.  The District of Hawaii

---

[6] See the following block-billed entries, many with inadequate descriptions, that include some communication, whether by teleconference or written correspondence between Maersk with HMC's counsel preventing an accurate inclusion of such time in the amount of reasonable attorneys' fees: November 4, 2004; November 23, 2004, November 30, 2004; January 6, 2005; January 10, 2005; January 31, 2005; March 14, 2006; March 15, 2005; April 4, 2005; May 9, 2005; May 19, 2005; May 25, 2005; June 2, 2005;  June 9, 2005; June 17, 2005; July 21, 2005; August 1, 2005; August 8, 2005; August 12, 2005; October 26, 2005; November 3, 2005; November 15, 2005; November 16, 2005; December 23, 2005;  April 3, 2006; April 10, 2006; May 18, 2006; July 24, 2006; August 14, 2006; August 16, 2006; August 29, 2006; October 20, 2006;

[7] HMC concedes, upon further review of the time entries, that the following dated entries may be construed as relating to communications between counsel despite the multiple tasks included in the entry and Maersk's failure to at least explain that the related tasks were "re: same":
- November 24, 2004
- June 2, 2005
- August 10, 2005
- November 14, 2005
- November 18, 2005
- November 24, 2005

case law has not followed this precedent, and should not.  See *Alicia F. v. Dept. of Education*, 2006 U.S. Dist. LEXIS 95562 at *10-11 (D. Haw. 2006) (reducing billed time for entries including time spent of 0.8 hours and 1.5 hours).  Indeed, the court states "While Plaintiff are correct that 'block billing' is not mentioned or referred to in the local rules [], it should be evident that the practice violates Local Rules 54.3(d), which requires that the memorandum in support of the motion for attorneys' fees describe the 'work performed by each attorney and paralegal, broken down by hours or fractions thereof expended on each task…' L.R. 54.3(d)."  *Id.*[8]

Furthermore, the Oregon cases are distinguishable in that substantial portions of time were spent on research and drafting of motions.  In the present instance, Plaintiff filed its Complaint, Motion for Summary Judgment and associated documents, and its Pretrial Statements.  The two Oregon cases were significantly more complex.  This case was a simple collection case.[9]  In both cases, the court did disallow certain entries under 3 hours because it was impossible for the court to assess the amount of

---

[8] This case is distinguishable from those entries by Maersk's counsel because the court recognizes that discrete tasks were completed for which it could reasonably assess the purpose of the task.  In the present instance, the lack of adequate description further prohibits the assessment of the reasonableness of the tasks and the ability to establish a set percentage decrease.

[9] *Oberdorfer v. Glickman* pertained to a declaratory judgment action pursuant to Administrative Procedures Act, 5 U.S.C.S. § 701 et seq., against defendant U.S. Forest Service regarding the dismissal of an appeal and denial of a request for stay of project implementation.  *Frevach Land Co. v. Multnomah County* pertained to land use issues under 42 U.S.C.S. § 1983 against multiple state agencies, in which plaintiff sought the award of fees for $263,999.

time spent per task.[10]  <u>See</u> *Frevach v. Multnomah County*, 2001 U.S. Dist. LEXIS 22255, *33-34 (D. Or. 2001) and *Oberdorfer v. Glickman*, 2001 U.S. Dist. 14677, *12-13 (D. Or. 2001).

Maersk contends that because it had only one claim, that all fees expended on this claim are compensable.  Despite this contention, block billing is problematic because several entries include non-compensable tasks, i.e. administrative/secretarial tasks in which attorneys or paralegal fees are charged.[11]  "Purely clerical or secretarial tasks should not be billed at a paralegal [or attorney] rate, regardless of who performs them." *Navarro v. General Nutrition Corp.*, 2004 U.S. Dist. LEXIS 24258 (N.D. Cal. 2004).

//

---

[10] For example, in *Frevach Land Co. v. Multnomah County*, the number of tasks listed made it unreasonable to assess the amount of time spent per task.

[11] Examples in which block billing incorporates secretarial/administrative tasks in which no compensation should be granted:
- 4/5/05: Telephone conference with Mr. C. Sullvan re:_____; Leave message with Magistrate B. Kurren's office re rescheduling status conference until after discovery deadlines/documents exchanged; Review Maersk-Hartmann e-mails from Ms. P. Lake. Hours: 1.2.
- 6/9/05: Telephone conference with Ms. P. Lake re _____; Telephone conference with C. Farias, Esq. re agreement to Mr. K. Hunter; Left message with Magistrate Kurren's office that parties have agreed to Mr. Hunter as mediator; Continue review of notepad entries.  Hours: 0.7.

**E.    HMC Should Not Be Required to Compensate Maersk for Fees Incurred When It Failed to Succeed on the Disputed Issue of the Motion for Summary Judgment Nor the Doomed Mediation**

Maersk did not prevail on its Motion for Summary Judgment and therefore should not be compensated for fees incurred. Maersk's MIO states that 'it is ironic, however, for HMC now to admit in hindsight that 'HMC believed even before the summary judgment motion that [Maersk] would likely prevail on this issue at trail,' arguing that HMC continued to litigate and drove up costs. <u>See</u> MIO, P.18-19.

The record is clear. There was no dispute as to HMC's liability under the BOL. Rather, the amount of liability and amount due remained contested. For example, Maersk recognized in its Reply to Defendant's Memorandum in Opposition to the Motion for Summary Judgment that "HMC's Opposition failed entirely to address either the clear and ambiguous language of the BOLs, or the substantial case law establishing its liability as a matter of law for the ocean freight and charges." <u>See</u> *Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("MSJ Reply")* file herein on February 14, 2006. <u>See also</u> *Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("MSJ MIO")* filed herein on February 6, 2006, Page 10 ("…HMC acknowledges that the shipper may be responsible for

demurrage and similar charges…").  HMC did not contest Maersk's legal arguments because it did not dispute liability under the BOLs.  Instead, HMC's opposition focused on the issue of the amounts due by HMC to Maersk.

Maersk should not be compensated for a mediation that was sabotaged by Maersk's unwillingness to compromise.  As set forth in HMC's Objections, Maersk incurred unnecessary additional fees due to its unreasonable settlement posture at the outset of the mediation.  Maersk admits in its Plaintiff's Pretrial Statement filed July 11, 2006 that Maersk's offer to settle the matter was for $25,000 down and the balance over time – no offer of compromise was offered despite the bona fide dispute as the amount of liability.  See  *Plaintiff Maersk, Inc.'s Pretrial Statement* filed herein on July 11, 2006.  Maersk was not mediating to compromise.  It was merely mediating the means of full payment for its claim.

## III.    CONCLUSION

This litigation was prolonged due to Maersk's inability to produce accurate accounting of charges that were in dispute.  HMC has not and does not argue that it is not liable to Maersk for some amount of attorneys' fees and costs.  Rather, HMC objects to the amount of the attorneys' fees and costs recommended by the Special Master to be awarded.  HMC

contends that the amount of fees awarded should be reduced due to the violations of the Local Rules that prevent HMC and this Court from accurately assessing the reasonableness of the fees and costs as well as the excessive time spent on this collection action given the limited motions and discovery and lack of complexity of the issues.

DATED: Honolulu, Hawaii _____.


_____
CYNTHIA A. FARIAS
TED N. PETTIT
ALEXIS M. MCGINNESS
Attorneys for Defendant
HARTMANN METALS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAERSK, INC.,<br><br>               Plaintiff,<br><br>     vs.<br><br>HARTMANN METALS<br>CORPORATION,<br><br>            Defendant. | CIVIL NO. 04-00652 HG-BMK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the DEFENDANT HARTMANN METALS CORPORATION'S REPLY TO PLAINTIFF MAERSK INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT HARTMANN METALS CORPORATION'S OBJECTIONS TO SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND PREJUDGMENT INTEREST BE GRANTED IN PART AND DENIED IN PART was duly served upon the following party on this date via electronic notification as indicated and addressed as set forth below:

28430/1/659453.1

GREGORY W. KUGLE
gwk@hawaiilawyer.com
Damon Key Leong Kupchak Hastert
1001 Bishop Street, Suite 1600
Honolulu, Hawaii  96813
  Attorney for Plaintiff
  MAERSK, INC.

DATED:  Honolulu, Hawaii, March 9, 2007.


                    /s/ Alexis M. McGinness
                    TED N. PETTIT
                    ALEXIS M. MCGINNESS
                    Co-Counsel for Defendant
                    HARTMANN METALS CORPORATION

2